[Crim. No. 4293. Fifth Dist. June 27, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ALLEN LAWSON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark E. Cutler, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane Kirkland Fischer, Diana Beth Constantino and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—We filed our former opinion in this cause on March 7, 1980, holding that under the determinate sentencing law (DSL) a consecutive term constitutes an enhancement within the dual use of facts prohibition. The respondent filed a petition for rehearing, making a number of arguments which had not been made before. We granted a rehearing and heard oral arguments. After further consideration we have decided that our original conclusion was correct. Accordingly, we refile the opinion with some additional discussion of the points raised by the respondent which have colorable merit.

Appellant was convicted upon his guilty plea to count one of a December 24, 1978, robbery at the Downtowner Inn, with the use of a firearm (Pen. Code, §§ 211, 12022.5, respectively).[1] He was convicted upon his guilty plea to count two of a January 2, 1979, attempted robbery of Wimpey's Liquors (Pen. Code, §§ 664, 211).[2] A third count of possession of a sawed-off shotgun (Pen. Code, § 12020, subd. (a)) was dismissed.

The trial court stated the following as to its count one sentence choices: "THE COURT:...As to count one, aggravated term will be selected. Crimes involved the threat of great bodily harm. The crimes involved multiple victims. Armed robber who held up the Downtowner Inn. Danger to the lady clerk. Wimpey's Liquors, he wrestled with the owner Mr. Orman, pointed a shotgun at him, while he is on the floor. The planning with which the crime [*sic*] were carried out indicates premeditation. The defendant for the commission of current offenses has engaged in conduct which indicates a serious danger to society. Defendant's prior convictions are numerous. Defendant has in the past been committed to California Youth Authority. The defendant was on proba-

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] A firearm use allegation as to count two was stricken.

tion at the time of the crimes. The defendant's prior performance on probation was unsatisfactory. The crime is too serious for consideration of California Rehabilitation Center. Excessive criminality is displayed. Assaultive, violent behavior. The defendant will be a management problem for the minimum-security, open door facility.

"So the term will be aggravated to state prison, sum of four years. Be enhanced per count one Penal Code 12022.5 for two more years. As to count two—"

The trial court then sentenced appellant to eight months on count two, stating: "[THE COURT:] So in count two the sentence will be consecutive for the same reasons that I've stated, the seriousness of the crime. Same terms I placed as to aggravated. The court will run the sentences consecutively, and for the count two, will be eight months additionally." From the premise that the dual use of facts prohibition of Penal Code section 1170, subdivision (b), applies to the imposition of aggravated and consecutive sentences, appellant contends that since the trial court expressly relied on the same facts for both sentence choices, a forbidden dual use occurred.

The threshold question is whether appellant's basic premise is valid.

At all times relevant hereto,[3] Penal Code section 1170, subdivision (b), provided in pertinent part: "(b)...The court may not impose an upper term by using the same fact used to enhance the sentence under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7...."

Penal Code section 667.5 provides for imposition of an additional term of imprisonment for prior prison terms, Penal Code section 12022 for being armed with a firearm or personally using a deadly or dangerous weapon, Penal Code section 12022.5 for personal use of a firearm, Penal Code section 12022.6 for intentionally taking, damaging, or destroying property, and Penal Code section 12022.7 for intentional infliction of great bodily injury. Penal Code section 1170.1 includes pro-

---

[3]In 1978, Penal Code section 1170, subdivision (b), was amended to read, in pertinent part: "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7." This amendment applies prospectively to crimes committed on or after January 1, 1979. (Stats. 1978, ch. 579.) Since the count one robbery occurred prior to that date, the new subdivision (b) does not apply to the instant case, even though the count two offense occurred after January 1, 1979.

visions which pertain to the imposition of consecutive terms and the calculation of their length.[4]

■ Since the dual use prohibition extends to any fact used to enhance the sentence under Penal Code section 1170.1 and since section 1170.1 provides for imposition of consecutive terms and calculation of their length, it follows that, within the meaning of Penal Code section 1170, subdivision (b), a fact used to impose a consecutive sentence is a fact used to enhance a sentence under Penal Code section 1170.1. Therefore, the dual use prohibition applies.

■ The Judicial Council sentencing rules were adopted pursuant to specific legislative direction (§ 1170.3) and the sentencing courts are di-

---

[4]At the time of sentencing section 1170.1 provided, in pertinent part: "(a) Except as provided in subdivision (b) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.5, 12022.6, or 12022.7. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5, but shall include one-third of any enhancement imposed pursuant to Section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5. In no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years.

"(b) In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.

"(c) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, unless the additional punishment therefore [*sic*] is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional terms, the court shall apply the sentencing rules of the Judicial Council." The section has since been amended in a manner not germane to the present case.

rected to apply those rules (§ 1170, subd. (a)(2).) The Sentencing Practices Advisory Committee to the Judicial Council concluded that a consecutive term is an enhancement within the dual use of facts prohibition. Thus, the advisory committee's comment to California Rules of Court, rule 441[5] (dual use of facts; prohibited use of facts) states in pertinent part: "Note that under section 1170(b) and rule 405 (definitions), the additional term resulting from ordering sentences to be served consecutively is an 'enhancement.' Section 1170(b) therefore prohibits using the same fact to decide to impose consecutive sentences and to decide to impose the upper term. Subdivision (c) applies to that case as well as to enhancements arising from facts charged and found." Further, the advisory committee's comment to rule 405 (definitions) states in pertinent part: "'Charged' and 'found.' Statutes require that the facts giving rise to most enhancements be charged and found. See the comment to the definition of 'enhancement.' But the enhancement arising from consecutive sentences results from the sentencing judge's decision to impose them, and not from a charge or finding."

This administrative determination is entitled to great weight and should be followed in the absence of a clear conflict with the statutes. (See *People* v. *Cheatham* (1979) 23 Cal.3d 829, 833 [153 Cal.Rptr. 585, 591 P.2d 1237].)[6]

■ Respondent argues that the DSL does not interchangeably use the terms "enhancement" and "consecutive sentence" and that particular subdivisions within section 1170.1 show the terms to be mutually exclusive. Our review of the pertinent statutes persuades us that no mu-

---

[5] All references to rules are to the California Rules of Court.

[6] In an authoritative article on the subject (Cassou & Taugher, *Determinate Sentencing in California: The New Numbers Game* (1978) 9 Pacific L.J. 1) one of the principal draftsmen of the DSL advises that a consecutive sentence is an enhancement within the dual use of facts prohibition (see pp. 23-24, 37, 53-56). The article describes the consecutive sentence as an enhancement as "[i]t does involve a computation that adds a numerical increment to the term."

The author divides the enhancements into two categories: specific enhancements and general enhancements. The specific enhancements relate to the crime then before the court and are four in number: (1) arming with a firearm or use of a deadly weapon; (2) use of a firearm; (3) intentionally causing great bodily injury; and (4) causing great loss of property. The general enhancements relate to other crimes committed by the offender and are two in number, consisting of additional terms for a prior prison term (§ 667.5) and consecutive terms (§§ 669, 1170.1).

Likewise, the journal of the California Center for Judicial Education and Research describes a consecutive term as an enhancement within the dual use of fact prohibition. (See § 45, p. D-83; § 32, p. D-78; § 53, p. D-86.)

tual exclusivity exists because, like consecutive sentences, even conceded specific enhancements are subject to similarly varying terminology and are excluded from particular subdivisions.

Rule 405(c) defines "enhancement" as an additional term of imprisonment added to the base term. In turn, rule 405(b) defines "base term" as the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed. Since the consecutive term obviously is not part of the base term, it follows that it is added to the base term and is an enhancement. However, respondent asserts that a consecutive term is *not* added to the base term and therefore is not an enhancement.

Respondent's premise—that a consecutive term is not added to the base term—derives from section 1170.1, subdivision (a), which provides for the computation of consecutive sentences. (See fn. 4, *ante.*) Respondent reasons that because section 1170.1, subdivision (a), refers to a consecutive sentence as a *subordinate* term which is added to the *principal* term to form an *aggregate* term, a consecutive term is not added to the base term "as defined by Penal Code section 1170(b) [*sic*]."

The initial anomaly in respondent's contention is that it attempts to use one sentencing rule to contradict the clearly expressed intent of the rule's draftsmen, i.e., the Sentencing Practices Advisory Committee to the Judicial Council. Aside from this anomaly, respondent's contention is without merit.

First, it should be noted that section 1170, subdivision (b), does not define "base term." As noted above, the definition of this term emerges from rule 405(b), not from statute. Second, section 1170.1 is not a definitional section, but rather a section which explains how consecutive sentences are computed. In this light, "principal term" is a concept which exists only for computational purposes.

In effect, "principal term" means the base term as defined by rule 405(b), plus certain specified enhancements, *not* including the additional term imposed pursuant to section 667.5. Carried to its logical extreme, respondent's argument would mean that the additional term imposed pursuant to section 667.5—which respondent concedes is an enhancement—is not an enhancement because, like the subordinate term for the consecutive offense, it is added to the base term only after certain specified enhancements were added to form the principal term.

A common sense review of section 1170.1 reveals that, in calculating the "aggregate term" where a consecutive sentence is imposed, the specified enhancements, the subordinate term for the consecutive term, and the section 667.5 term *all* are added to the base term.

Respondent argues that because section 1170.1, subdivision (a), provides under certain circumstances for inclusion of certain specified enhancements within the subordinate term for a consecutive offense, "a consecutive sentence is clearly not intended to be considered an enhancement." Again, section 1170.1 does not contain a definition of enhancement, but explains how to calculate the aggregate term where consecutive sentences are imposed. One-third of the specified enhancement imposed plus one-third of the middle term for each consecutive felony comprises the subordinate term. Within the context of section 1170.1, subdivision (a), it would have been nonsensical to list the consecutive term imposed pursuant to section 1170.1, subdivision (a), as one of the specified enhancements to be added to the consecutive term imposed pursuant to section 1170.1, subdivision (a).

Respondent notes that subdivisions (c) through (g) of section 1170.1 use the word "enhancement" but do not refer to consecutive sentences. Again, within the context and purpose of each particular subdivision, it would have been nonsensical to include a consecutive sentence. None of the subdivisions contains a definition of enhancement, and none is intended as an exhaustive list of enhancements. In fact, certain enhancements specified in one or more of the other subdivisions do not appear in one or more of the other subdivisions. The exclusion of certain enhancements from one or more subdivisions means not that they are not enhancements but that the purpose of the section does not require their inclusion.[7]

---

[7]Subdivision (c) does not use the word "enhancement" at all, but refers to the additional terms provided in sections 667.5, 12022, 12022.5, 12022.6, and 12022.7. Subdivision (d) uses the word "enhancements" and refers to sections 12022, 12022.5, and 12022.7, but not to section 667.5 or 12022.6. Subdivision (e) uses the word "enhancement" and refers to all of the sections referred to in subdivision (c) plus sections 667.6, 12022.3, and 12022.8. Subdivision (f) uses the word "enhancement" and refers to sections 12022, 12022.5, 12022.6, and 12022.7, but not to section 667.5, 667.6, 12022.3, or 12022.8. Subdivision (g) uses the word "enhancements" and refers to sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, but not to section 667.6, 12022.3, or 12022.8. To the extent that respondent suggests that the exclusion of any particular section from one of the above subdivisions means that that section does not constitute an enhancement, then the only enhancements which survive are sections 12022, 12022.5, and 12022.7. This result, of course, is absurd.

The Legislature did conclude that the purpose of the dual use of facts prohibition required the inclusion of section 1170.1 as well as other specific enhancement sections. Respondent has consistently failed to articulate a plausible reason why section 1170.1 was included within section 1170, subdivision (b), if not to bring consecutive sentences within its purview.

Respondent argues that had the Legislature intended the dual use prohibition to extend to consecutive sentences, then section 1170, subdivision (b), would have referred to section 669, which respondent considers the underlying section authorizing consecutive terms.[8] The *exclusion* of section 669 does not explain the *inclusion* of section 1170.1 within subdivision (b) of section 1170. However, the inclusion of section 1170.1 may explain the exclusion of section 669 as superfluous, especially since section 1170.1, subdivision (a), itself refers to section 669.

Respondent argues that the inclusion of section 1170.1 in section 1170, subdivision (b), does not justify the conclusion that consecutive sentencing mentioned in section 1170.1 is an enhancement. He attempts to exclude section 1170.1 from section 1170, subdivision (b), by grammatical construction, saying it would be absurd because the meaning of the section would be, "[t]he court may not impose an upper term by using the fact of any *consecutive sentence* upon which *sentence* is imposed. . . ." However, respondent should have used the words "*consecutive term,*" rather than "*consecutive sentence.*" The correct meaning of the 1978 version of section 1170, subdivision (b) is, "the court may not impose an upper term by using the same fact used to impose a consecutive term enhancement." Thus, there is no absurdity or inconsistency in the inclusion of section 1170.1 within section 1170, subdivision (b).

Respondent urges that because rule 425(b) (criteria affecting concurrent or consecutive sentences) includes "[a]ny circumstances in aggravation or mitigation," it follows that the same fact(s) may be used to both aggravate and to impose consecutive terms. The conclusion is a nonsequitur as the rule does not deal with the issue of dual use of the

---

[8]We cannot accept respondent's characterization of section 669 as *the* underlying section which authorizes consecutive sentences. That section also authorizes concurrent sentences and, in fact, requires same where the trial court fails to provide for consecutive sentences at the time of the oral pronouncement of judgment and/or within a specified period thereafter. Numerous other sections authorize and in fact require consecutive sentences. (See, e.g., Pen. Code, §§ 4501, 4501.5, 4502, 4503, 4530, and 4532.)

same fact for both purposes. Reading rule 425(b), with rule 441 (prohibition against dual use of facts) clearly demonstrates that facts in aggravation can be used as reasons for a consecutive term but only if the facts in question are not actually utilized simultaneously as a reason for imposing the upper term.

We have considered respondent's other arguments and do not find them of sufficient merit to warrant further discussion.

From the above, we conclude that the statute proscribes use of the same fact to both aggravate the base term and to impose consecutive sentences.

■ We reject respondent's contention that the dual use prohibition "was not meant to preclude such use when the factors relate to the defendant's bad character and the defendant is guilty of two or more independent crimes." First, the statute makes no such distinction. On its face, it applies to any and all facts used to enhance under the cited sections. There is no basis in the statute to support the conclusion that the Legislature intended "personal" aggravating factors to be treated differently from aggravating factors tied to a specific offense.

Second, the language of the statute itself refutes respondent's attempted distinction. Obviously, a prior prison term (Cal. Rules of Court, rule 421(b)(3)) which appears under "facts relating to the defendant," not "facts relating to the crime," relates directly to a defendant's bad character, as witness the stigma which attaches to being an "ex-con." But Penal Code section 1170, subdivision (b), specifically precludes aggravation use of the same fact used to enhance under Penal Code section 667.5, i.e., prior prison terms.

Respondent argues that "the 'ex-con' status of the defendant at the time he committed a crime is one factor arising out of that crime." This assertion is Orwellian "double-speak." Manifestly, a defendant's "ex-con" status is a consequence of other crimes committed by the offender. (Fn. 6, *ante.*)

Respondent argues that factors relating to a defendant's bad character are relevant to sentencing on each separate crime. While this is perhaps true, it may also be said that any fact used to enhance is no less relevant to selection of an aggravated base term. However, the Legisla-

ture has made a judgment precluding dual use based on considerations other than narrow relevancy. Respondent's argument goes to the wisdom of the statute, a legislative matter, and not to its meaning.

Once it is established that the dual use prohibition extends to consecutive sentences and the use of *any* fact which was employed to enhance, it follows that the instant case must be remanded for resentencing because the trial court made use of certain facts relating to appellant, both to choose an aggravated term and to impose consecutive sentences. These facts included appellant's numerous prior convictions, a past commitment to the California Youth Authority, probationary status at the time he committed the instant offense, and prior unsatisfactory probationary performance.[9]

We reject respondent's suggestion that the "properly applied factors" are sufficient to sustain the sentence. First, the remaining factors cited by the trial court themselves are problematical. For example, the crime in count one did not involve multiple victims. It involved one victim. The court may not find that the crime at issue, singular not plural, involved multiple victims (see Cal. Rules of Court, rule 421(a)(4)) by adding victim(s) from independent crimes.

Second, where a dual use occurred as to multiple factors, we are unwilling to speculate as to which factor(s) might have been determinative to the trial court. (See *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777].)

The judgment is reversed for the limited purpose of resentencing in accordance with the principles expressed herein. In all other respects, the judgment is affirmed.

Zenovich, J., and Hamlin, J.,* concurred.

---

[9]We note that meaningful appellate review will be facilitated if, on remand, the trial court specifically and separately states its facts or reasons relied upon for aggravation and for consecutive terms, if this again be the sentence imposed.

*Assigned by the Chairperson of the Judicial Council.