[Crim. No. 22601. First Dist., Div. One. Aug. 18, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES O. CHEEKS, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ezra Hendon, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendant James O. Cheeks was found guilty, upon a jury's verdicts of assaults with a deadly weapon in violation of Penal Code section 245, subdivision (a) (counts II and III), and possession of a concealable firearm by one previously convicted of a felony in violation of Penal Code section 12021 (count IV). He appeals from the judgment which was entered on the verdicts.

■ The first of Cheeks' appellate contentions is stated as: "Since appellant was inadequately voir dired when he admitted, out of the jury's presence, that he had suffered two prior felony convictions, his conviction under Penal Code section 12021 must be reversed." His reliance is upon the recent (1980) case of *People v. Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826].

Out of the jury's presence, Cheeks stipulated that he had previously been convicted of a felony within the meaning of Penal Code section 12021. The only issue thereafter given the jury as to count IV was whether he had in fact possessed a concealable firearm. In such a case, *People v. Hall* required trial courts thereafter "to assure the record adequately reflects the fact that a defendant is advised of any constitution-

al rights waived when stipulating to the status of an ex-felon. He should be informed as to the nature and the consequences of the stipulation." (28 Cal.3d p. 157, fn. 9, 4th par.) Cheeks' trial followed the promulgation of *People* v. *Hall*, and the People here concede that the above-noted requirements were not met.

The issue before us, as we see it, is whether the judgment should be reversed in its entirety as to count IV, or the cause should be remanded to the trial court for further proceedings (before a jury if requested) on the issue of whether Cheeks had, in fact, previously been convicted of a felony within the meaning of Penal Code section 12021. We are of the opinion that the latter alternative should be followed for the following reasons.

Cheeks has already had a fair trial on the issue whether he did possess a concealable firearm. Setting aside the verdict, in our opinion, would be an unacceptable waste of judicial resources. We accordingly follow the rationale of *People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395, 405 [132 Cal.Rptr. 30], that "when the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from issues submitted to the jury, such an issue can be determined at a separate post-judgment hearing and if at such hearing the issue is resolved in favor of the People, the conviction may stand." (And see *People* v. *Minor* (1980) 104 Cal.App.3d 194, 200 [163 Cal.Rptr. 501].)

The jury's verdict as to count IV is found by us to be valid and subsisting, and predicated upon no error.

■ Cheeks' remaining contention asserts that: "The trial court erred in failing to state separate reasons for enhancing [*sic*] appellant's sentence and for imposing consecutive sentences."

In concluding that the upper term should be imposed for Cheeks' count II conviction, the trial judge stated: "The court has selected the upper term in this case for the following reasons: There were fired five shots at close range at the victims in this case. The defendant has served prior prison terms. The court feels that in view of this incident, the four-year term, the upper term, is appropriate."

And in running the sentence on count III consecutively with that of count II, the court declared: "With respect to Count III, the . . . court imposes an additional sentence of one year in the state prison, that be-

ing one-third the mid-term for the principal offense. That sentence is to run consecutive to the sentence imposed in Count II. The court has imposed the consecutive sentence for the reason that in this case there were two victims, there was a series of shots fired, a total of five shots fired in this case, even though the evidence did indicate that perhaps it might have been four, up to five shots, a series of shots. The court feels, in view of the defendant's prior prison sentences and violent behavior, it would be appropriate and the court orders that that sentence be consecutive to the sentence just imposed."

Cheeks complains that the reasons in both instances, of "five shots fired" and "prior prison terms," were contrary to law.

It now appears to be settled law that, as here, "*using the same fact to decide to impose consecutive sentences and to decide to impose the upper term*" is forbidden. (Italics added). (*People* v. *Lawson* (1980) 107 Cal.App.3d 748, 753 [165 Cal.Rptr. 764]; and see Pen. Code, § 1170, subd. (b); *People* v. *Flores* (1981) 115 Cal.App.3d 67, 78-80 [171 Cal.Rptr. 365].)

The trial court used the same reasons, "five shots fired," and "prior prison terms" for the upper term of count II, and for the consecutive sentence imposed as to count III. While as to count III, the court gave the additional reasons, "two victims" and a pattern of "violent behavior," it is uncertain whether it would have passed the consecutive sentence for that count's conviction on those reasons alone. It therefore appears to be in the interest of justice that the cause be remanded to the superior court for resentencing. The discretion of that court will in no way be controlled, or guided, by anything we have said.

As to counts II and III also, we find the verdicts thereon to be valid and subsisting, and predicated on no error.

The judgment is reversed; upon the jury's existent verdicts, the court will take further proceedings, including resentencing, consistent with law, and not inconsistent with the views we have here expressed.

Racanelli, P. J., and Newsom, J., concurred.