[Crim. No. 11719. Third Dist. Dec. 9, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
CORNELIUS J. HUMPHREY, Defendant and Appellant.

**[Opinion certified for partial publication.]**

COUNSEL

Jan K. Damesyn, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller, W. Scott Thorpe and Janice Rogers Brown, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**REGAN, Acting P. J.**—A jury convicted defendant of two counts of robbery (Pen. Code, § 211), with findings he personally used a firearm during the commission of each robbery (Pen. Code, § 12022.5), and a third count of automobile theft (Veh. Code, § 10851). The trial court sentenced defendant to a consecutive term of five years for one robbery, two years for the firearm use, and one year for the other robbery.

On appeal, defendant objects to the imposition of consecutive sentences for the two robbery convictions. We shall remand for resentencing but otherwise affirm the judgment.

██ The trial court improperly relied on the multiple-victim factor under California Rules of Court, rule 425(a)(4), in sentencing defendant consecutively on the two robbery counts, each count involving only one victim. Upon critical reexamination of our decision in *People* v. *Fowler* (1980) 109 Cal. App.3d 557, 566-567 [167 Cal.Rptr. 235], and careful inspection of the language in rule 425(a)(4), we find the rule applies only to a situation where a defendant is convicted of two or more counts or crimes and at least one of those counts involves multiple victims. Because the multiple-victim factor refers to

the singular "any of the crimes" and whereas other factors listed in rule 425 refer to the plural "crimes," the Legislature must have intended the (a)(4) factor *not* to apply to a multiple-conviction situation where no one count involves more than one victim.[1] Our statutory interpretation requires this court no longer to follow *Fowler* on the point yet it is harmonious with the Fifth District Court of Appeal decision in *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 758 [165 Cal.Rptr. 764].

The remainder of the issues presented on appeal do not merit publication under California Rules of Court, rule 976, as amended January 1, 1983. (See Cal. Rules of Court, rule 976.1, eff. Jan. 1, 1983.) Accordingly, they are discussed in an unpublished opinion filed by this court on December 9, 1982.

The judgment of conviction is affirmed. The cause is remanded to the trial court for resentencing in accordance with the views expressed in this opinion.

Blease, J., and Carr, J., concurred.

---

[1] Rule 425 provides in full: "Criteria affecting the decision to impose consecutive rather than concurrent sentences include:
"(a) Facts relating to the crimes, including whether or not:
"(1) The crimes and their objectives were predominantly independent of each other.
"(2) The crimes involved separate acts of violence or threats of violence.
"(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.
"(4) *Any* of the crimes involved multiple victims.
"(5) The convictions for which sentences are to be imposed are numerous.
"(b) Any circumstances in aggravation or mitigation." (Italics added.)