[Crim. No. 12505. Third Dist. July 27, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY O. COULTER, Defendant and Appellant.

490

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Judith W. Allen, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gregory W. Baugher and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Defendant appeals from the judgment of conviction entered upon his plea of guilty to two counts of second degree burglary. (Pen. Code, § 459.) The court sentenced defendant to the upper term on count I and a consecutive term on count II. Defendant contends the court erred both in imposing the upper term and in imposing a consecutive sentence.

The sentencing court sentenced defendant to the upper term because: defendant was on parole at the time of the commission of the offense (Cal. Rules of Court, rule 421(b)(4); defendant's prior performance on parole was unsatisfactory (rule 421(b)(5)); defendant served a prior prison term (rule 421(b)(3)); the planning with which the crime was carried out indicated premeditation (rule 421(a)(8)); defendant suffered numerous prior convictions (rule 421(b)(2)); and the crime involved multiple victims (rule 421(a)(4)).

■ Defendant contends the court erred in relying on the fact of multiple victims to aggravate count I. California Rules of Court, rule 421(a)(4) provides, "Circumstances in aggravation include: [¶] (a) Facts relating to the crime, including the fact that: . . . [¶] (4) The crime involved multiple victims." Defendant argues that count I, burglary of Michael Meyer's automobile, had only one victim. The only way the court could have found multiple victims, defendant argues, was to have considered the victims of both counts I and II. Defendant cites *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764], in support of his contention that in so doing the trial court erred. The defendant in *Lawson* pleaded guilty to robbery and attempted robbery; each crime involved one victim and occurred at a place and time different from the other. The *Lawson* court held that, ". . . the crime in count one did not involve multiple victims. It involved one victim. The court may not find that the crime at issue, singular not plural, involved multiple victims [citation] by adding victim(s) from independent crimes." (P. 758.)

■ Where, however, multiple crimes are so closely connected in time and place as to comprise a single criminal transaction a sentencing court

may impose the aggravated term for one of the crimes based upon a finding of multiple victims involved in the entire criminal transaction. *People* v. *Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511], illustrates this principle. The defendant, Guevara, escaped from a Department of Corrections facility and committed a number of other crimes, including kidnaping a mother and her son. Pursuant to a negotiated plea Guevara pleaded guilty to (among other crimes) the kidnaping of the boy; the count alleging defendant kidnaped the boy's mother was dismissed. The *Guevara* court held that ". . . the 'circumstances' the sentencing judge may look to in aggravation or in mitigation of the crime include 'attendant facts,' 'the surroundings at the commission of the act.' [Citation.] 'Circumstances' include 'practically everything which has a legitimate bearing' on the matter in issue. [Citations.]" (*Id.*, at p. 93.) Accordingly, the *Guevara* court held the sentencing court did not err in determining that the kidnaping of the boy involved multiple victims in that the boy's mother was kidnaped at the same time.[1]

Subsequent cases have found the phrase "transactionally related" convenient in distinguishing between those cases where a finding of multiple victims is proper because of the circumstantial cohesiveness of multiple crimes each involving a single victim, and those cases where the crimes are sufficiently separated in time and circumstance such that a multiple victim finding is unwarranted.

For example, in *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71], the court held that the sentencing court erred in finding multiple victims because, "In the instant case the crimes were all independent crimes committed at separate times against several victims." (P. 705, citing *People* v. *Lawson, supra,* 107 Cal.App.3d at p. 758.) The *Bejarano* court noted, "However, if the crimes had been transactionally related as part of the same incident the use of this enhancement factor [multiple victims] would have been proper. [Citation.]" (P. 705, fn. 1.) Conversely, the court in *People* v. *Burney* (1981) 115 Cal.App.3d 497 [171 Cal.Rptr. 329], found that the trial court properly imposed the upper term for voluntary manslaughter because of multiple victims. Defendant assaulted another victim with a deadly weapon immediately following the killing of the first victim. The *Burney* court held that the multiple victim finding was permissible because both crimes were transactionally related, citing *People* v. *Guevara*,

---

[1] *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], held that a trial court errs in relying upon facts underlying counts and special allegations dismissed pursuant to a plea bargain unless the dismissed counts or allegations were also "transactionally related" to those admitted, citing *Guevara*, as an example. (*People* v. *Harvey, supra,* 25 Cal.3d at p. 758.)

*supra*, 88 Cal.App.3d 86. The court distinguished *People* v. *Lawson, supra,* 107 Cal.App.3d 748, because "the crimes there were on two different days and were not transactionally related." (*People* v. *Burney, supra,* 115 Cal.App.3d at p. 505, fn. 2.)

 Defendant, as we have noted, argues that the owner of the burglarized vehicle was the only victim of the crime charged as count I and, consequently, the court erred in finding multiple victims. (*People* v. *Lawson, supra,* 107 Cal.App.3d 748.) The People argue that the defendant stole a wallet belonging to Janice Bean from the glove compartment of Meyer's vehicle and, consequently, defendant's crime involved multiple victims. (*People* v. *Burney, supra,* 115 Cal.App.3d 497.)[2] The record (probation report) supports the People's version of the facts. However, both parties have overlooked a relevant Supreme Court case.

In *People* v. *Wright* (1982) 30 Cal.3d 705 [180 Cal.Rptr. 196, 639 P.2d 267], the California Supreme Court upheld the sentencing rules adopted by the Judicial Council (Cal. Rules of Court, rules 401-453) against a claim that the Legislature improperly delegated legislative power by authorizing the Judicial Council to promulgate the rules. Additionally, the court adopted the Court of Appeal's disposition of certain sentencing issues in *Wright.* The Supreme Court held, "The Court of Appeal also determined that the trial court erred in finding the aggravating factor of multiple victims but that the error did not require a remand for resentencing. *We agree with the Court of Appeal's resolution of these issues and adopt its reasoning by reference.* [Citations.]" (Italics ours; *People* v. *Wright, supra,* 30 Cal.3d at p. 714.)

To understand the precedential effect of the Supreme Court's *Wright* decision, we must necessarily refer to the vacated Court of Appeal opinion in *People* v. *Wright* (1980) (Cal.App.), hearing granted October 15, 1980. The defendant in *Wright* pleaded guilty to two counts of burglary on the condition that the terms be imposed concurrently. The sentencing court imposed the upper term because of multiple victims. The Court of Appeal held that the victims from the separate burglaries could not be added together to find multiple victims because the crimes were not transactionally related.

---

[2]The People also cite *People* v. *Fowler* (1980) 109 Cal.App.3d 557 [167 Cal.Rptr. 235]. *Fowler* interpreted the multiple victim criterion regarding consecutive sentencing (rule 425(a)(4)) to allow the finding even where no *single* count involved multiple victims. This court disapproved *Fowler* in *People* v. *Humphrey* (1982) 138 Cal.App.3d 881 [188 Cal.Rptr. 473], holding that the rule set out in *People* v. *Lawson, supra,* 107 Cal.App.3d 748, correctly states the law. (*Humphrey, supra,* at p. 883.)

The court also held, "If the trial judge relied on rule 421(a)(4) for any reason other than two residences being involved, our conclusion is the same. The nature of the crime, viz burglary, for which sentence was imposed must be considered in deciding whether there were multiple victims of each burglary. At common law, burglary was a crime against the habitation. The common law definition of burglary has been expanded by California statute (Pen. Code, § 459). Nevertheless, the elements of the crime remain unlawful entry into a structure with intent to commit larceny or any felony. Where property is taken during a burglary, an argument might be made that there are victims of the crime both in the sense of those who own or possess the structure and those whose property is taken after the entry. In that sense, it could be argued that there were multiple victims at least as to the [first] burglary because more than one person lived in the house and presumably owned some of the property which was taken. However, we believe that the gravity of the offense was in no way increased by the fact that the amount of property stolen may have belonged to several people rather than one. Since none of the residents were present during the burglary, appellant's commission of the burglaries did not otherwise involve those individuals. We therefore conclude that the burglaries did not involve multiple victims for purposes of rule 421(a)(4)." (Fn. omitted.) (*People* v. *Wright, supra* (Cal.App.).)

The facts of *Wright* are indistinguishable from those of this case. The sentencing court could not properly have found that count I involved multiple victims by aggregating the victims in both counts I and II because the crimes were not transactionally related. It could not have properly found that count I involved multiple victims because the vehicle was owned by one person and the property stolen from the glove compartment was owned by another.

However, the error is harmless in light of the numerous remaining circumstances properly considered in aggravation. (*People* v. *Simpson* (1981) 120 Cal.App.3d 772, 775 [174 Cal.Rptr. 790]; *People* v. *Lambeth* (1980) 112 Cal.App.3d 495, 501 [169 Cal.Rptr. 193].)

■ Defendant also contends that the court erred in failing to state any reasons for consecutive sentencing. The law is well settled that a sentencing court must state reasons for a consecutive sentence as its sentencing choice. (*People* v. *Kozel* (1982) 133 Cal.App.3d 507, 540 [184 Cal.Rptr. 208]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) The People acknowledge the error and submit that the cause must be remanded for resentencing.

The sentence imposed for count II is vacated and the cause is remanded for resentencing on that count in accordance with the views expressed herein. In all other respects the judgment is affirmed.

Regan, J., and Sparks, J., concurred.