[No. H005963. Sixth Dist. May 8, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
FOREST LEE BLADE et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts 1, 2, and 3.

COUNSEL

Thomas Lundy and Laurence S. Smith, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BAMATTRE-MANOUKIAN, J.—Forest Lee Blade and John Anthony Pedraza were accused by information of a residential burglary (Pen. Code,

§§ 459, 460, subd. 1) and of possession of concealable firearms by convicted felons (*id.* § 12021, subd. (a)), each with alleged prior convictions including serious felonies (*id.* §§ 667, 1192.7, subd. (c)). Pedraza pled guilty to the charges and admitted certain prior convictions; a jury found Blade guilty of burglary and the trial court found his alleged prior convictions true. Both were sentenced to prison (Blade for 21 years and Pedraza for 10 years) and both appeal. Both appellants seek further review of the constitutional validity of seizure of critical evidence against them. (Pen. Code, § 1538.5, subd. (m).) Blade also asserts that the trial court improperly selected the upper prison term for his burglary conviction, and argues that he was denied effective assistance of counsel and that the jury was improperly instructed. Finding no reversible error we shall affirm the judgments.

The burglary was committed on May 23, 1988, at the San Jose home of three young men. Shortly before the burglary a neighbor had seen two men, whom she did not recognize, walking in the area. One of the residents of the burglarized home, returning a short time later, found signs of forced entry and determined that electronic equipment and several firearms (including pistols, shotguns, and a rifle) had been taken. The resident called his roommates, one of whom returned to the home and discovered that ammunition for some of the firearms had also been taken. Several additional articles of property had been moved toward outside entrances to the home. The neighbor gave each of the two residents a brief description of the men she had seen. Shortly thereafter the two residents saw Blade and Pedraza, who generally matched the neighbor's descriptions, driving by in a car. The car was traced, through its license number, to an address across town. When Blade and Pedraza returned to that address, waiting police stopped the car. Both appellants acknowledged they were on parole; a parole supervisor directed that they be brought to police headquarters. Upon subsequent interrogation both Blade and Pedraza admitted they had been involved, and Pedraza took police to a storage locker at his girlfriend's home where the stolen property was found and recovered. The stolen property included articles owned by each of the three residents.

1.-3.*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

4. *Sentencing*

The trial court sentenced Blade to the upper term for the burglary. The court referred to only one circumstance in aggravation of the crime

---

*See footnote, *ante,* page 1541.

(Pen. Code, § 1170, subd. (b)): "I find that the fact that there were multiple victims outweighs any factor in mitigation and, therefore, select the aggravated term . . . ." Blade argues that imposition of the upper term for this reason was improper in this case.

At the time Blade was sentenced, the fact that "[t]he crime involved multiple victims" was explicitly listed in the Judicial Council sentencing rules as a circumstance in aggravation for the purpose of selecting a prison term (Cal. Rules of Court, rule 421(a), former rule 421(4);[1] cf. Pen. Code, §§ 1170, subd. (a), 1170.3, subd. (a)(2)), in furtherance of the legislative intent that prison terms be "proportionate to the seriousness of the offense . . . ." (Pen. Code, § 1170, subd. (a)(1).) Blade argues, in essence, that multiple residents of a home who are absent when the home is burglarized could not have been regarded as "multiple victims" within the meaning of the sentencing rule: "[T]he gravity of the offense is in no way increased by the fact that the amount of property stolen may have belonged to several people rather than one. When none of the residents are present during the burglary the commission of the crime does not otherwise involve those individuals."

■ It is now well established that in assessing factors in aggravation or in mitigation the sentencing court not only may but must examine all of the circumstances of the crime. (Pen. Code, § 1170, subd. (b); *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-93 [151 Cal.Rptr. 511].) "[T]he 'circumstances' the sentencing judge may look to in aggravation or in mitigation of the crime include 'attendant facts,' 'the surroundings at the commission of an act.' [Citation.] 'Circumstances' include 'practically everything which has a legitimate bearing' on the matter in issue. [Citations.]" (*People* v. *Guevara, supra*, 88 Cal.App.3d 86, 93.) For an example relevant to the issue before us, it has been held that if "multiple crimes are so closely connected in time and place as to comprise a single criminal transaction a sentencing court may impose the aggravated term for one of the crimes based upon a finding of multiple victims involved in the entire criminal transaction" (*People* v. *Coulter* (1983) 145 Cal.App.3d 489, 491-492 [193 Cal.Rptr. 476]; cf. also *People* v. *Burney* (1981) 115 Cal.App.3d 497, 505 [171 Cal.Rptr. 329]; but cf. *People* v. *McNiece* (1986) 181 Cal.App.3d 1048, 1061 [226 Cal.Rptr. 733], disapproved on another point in *People* v. *McFarland* (1989) 47 Cal.3d 798, 804-805 [254 Cal.Rptr. 331, 765 P.2d 493], apparently based on judicial construction of the slightly different wording of Cal. Rules of

---

[1]Explicit reference to the circumstance that "[t]he crime involved multiple victims" was deleted from rule 421 effective January 1, 1991. The Judicial Council advisory committee explained that the circumstance was deleted "to avoid confusion; cases in which that possible circumstance in aggravation was relied on were frequently reversed on appeal because there was only a single victim in a particular count."

Court, rule 425(a), former rule 425(4)[2]), even if the defendant were to be sentenced for only one of the crimes. (*People* v. *Guevara, supra,* 88 Cal.App.3d at p. 93; *People* v. *Cortez* (1980) 103 Cal.App.3d 491, 496 [163 Cal.Rptr. 1].)

When we apply these principles to the circumstances of record in this case, it is apparent to us that the transactionally related theft of specifically identified firearms and other property owned by each of the three residents of the home substantially increased the gravity of the burglary. All three residents were technically victims of the burglary, strictly defined as entry of the structure with intent to commit larceny or any felony. (Pen. Code, § 459.) Each of the three was also, in a much more direct and personal sense, the victim of a subsequent (and technically distinct: cf., e.g., *People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Azevedo* (1963) 218 Cal.App.2d 483, 489 [32 Cal.Rptr. 748]) theft of his property. At trial each of the three identified one or more firearms, and two of the three identified several items of electronic equipment, which were his and had been taken. The thefts were not charged, but in light of its power and duty to consider all relevant circumstances the trial court could rationally have viewed the three residents as multiple victims of a single criminal transaction.

Blade relies on a Court of Appeal decision that applied the strict definition of burglary, *People* v. *Coulter, supra,* 145 Cal.App.3d at pages 493-494, and on a Supreme Court decision on which *Coulter* in turn relied, *People* v. *Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267].

In *Wright* the relevant facts, as summarized by the Supreme Court, were that Wright had burglarized a residence while "[t]he residents" were out of town and had taken personal property, and that six days later Wright burglarized a second residence while "the resident" was absent and had taken more personal property. Upon Wright's guilty pleas the trial court imposed concurrent upper terms for the two burglaries, finding four aggravating factors including multiple victims. The Supreme Court dealt primarily with, and ultimately rejected, a contention that sentencing rules 421 and 423 of the California Rules of Court were invalid. In the final paragraph of its opinion the Supreme Court summarily listed the Court of Appeal's dispositions of several other issues; the only item apparently relevant to this appeal was the Supreme Court's statement that "[t]he Court of Appeal also determined that the trial court erred in finding the aggravating factor of

---

[2] Explicit reference to the circumstance that "[a]ny of the crimes involved multiple victims," as a factor affecting concurrent or consecutive sentences, was deleted from rule 425 effective January 1, 1991, without additional advisory committee explanation.

multiple victims but that the error did not require a remand for resentencing." (30 Cal.3d at p. 714.) The Supreme Court stated simply that "[w]e agree with the Court of Appeal's resolution of these issues and adopt its reasoning by reference." (*Ibid.*)

By granting a hearing the Supreme Court had vacated the Court of Appeal's opinion. To assess the meaning of the Supreme Court's statement, the Court of Appeal in *Coulter* went to the vacated Court of Appeal opinion in *Wright*. We have obtained a copy of the vacated opinion, from which it appears the Court of Appeal had concluded (1) that the two burglaries had not been transactionally related and therefore could not have been aggregated to find multiple victims; and, (2) apparently in response to an argument that " 'more than one person lived in the [first] house and presumably owned some of the property which was taken,' " that in light of the narrow definition of burglary " 'the gravity of the offense was in no way increased by the fact that the amount of property stolen may have belonged to several people rather than one. Since none of the residents were present during the burglary, appellant's commission of the burglaries did not otherwise involve those individuals.' " [quoted in *People* v. *Coulter, supra*, 145 Cal.App.3d at p. 494]; but (3) that the error was harmless because the trial court had expressly relied on other, legitimate factors in aggravation.

The Court of Appeal in *Coulter* deemed itself bound by the language we have quoted from the vacated Court of Appeal opinion in *Wright*, and applied the language to a situation in which the relevant burglary charge (to which the defendant pled guilty) arose out of an incident in which the defendant broke into a car owned by one person and then stole, from the car's glove compartment, property owned by another person. The Court of Appeal concluded in pertinent part that the trial court "could not have properly found that [the relevant burglary charge] involved multiple victims because the vehicle was owned by one person and the property stolen from the glove compartment was owned by another." (145 Cal.App.3d at p. 494.)

We respectfully disagree with *Coulter*'s resolution of the issue before it.

We further conclude that *Wright* did not compel *Coulter*'s conclusion, and does not control ours, for two reasons. First, we are not persuaded that the Supreme Court's statement had (as *Coulter* expressly assumed) "precedential effect" (145 Cal.App.3d at p. 493). The practical difficulties of deriving precedent from a vacated Court of Appeal opinion must have been obvious to the Supreme Court. Before the California Constitution was amended, in 1984, to authorize selective review, a grant of hearing operated to set the matter "at large" before the Supreme Court for decision on all issues. (Cf. generally 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§

692-693, 707, pp. 664-665, 678-680.) The Supreme Court appears to have used statements similar to this one simply to effect complete disposition of those issues as to which it saw no need to state precedent. (Cf., e.g., *People v. Meredith* (1981) 29 Cal.3d 682, 695 [175 Cal.Rptr. 612, 631 P.2d 46]; *People v. Scott* (1978) 21 Cal.3d 284, 297 [145 Cal.Rptr. 876, 578 P.2d 123]; *People v. James* (1977) 19 Cal.3d 99, 118 [137 Cal.Rptr. 447, 561 P.2d 1135]; cf. also *Highland Ranch v. Agricultural Labor Relations Bd.* (1981) 29 Cal.3d 848, 867 [176 Cal.Rptr. 753, 633 P.2d 949].) Second, we cannot in any event suppose the Supreme Court would have intended, without explicit direction, to have given binding effect to any nondispositive portion of the Court of Appeal's opinion. The Supreme Court agreed with the "Court of Appeal's *resolution*" of several listed issues. (30 Cal.3d at p. 714, italics added.) All the Court of Appeal had *resolved*, so far as relevant here, was that there had been no reversible sentencing error; its discussion of alternative bases for a conclusion there had been error, albeit harmless, was nondispositive.

We should not be understood to hold that the burglary of this home, without the ensuing theft of property of each of the three residents, would have supported a finding of multiple victims. That case is not before us and we therefore have no occasion to decide it. The facts of the case that is before us make clear that the three residents of the burglarized home, whether present or absent, were all direct victims of a single criminal transaction, and that the initial burglary was correspondingly aggravated. (Cf. *People v. Guevara, supra,* 88 Cal.App.3d 86, 93.)

The judgments of conviction are affirmed.

Agliano, P. J., and Cottle, J., concurred.