[No. E013666. Fourth Dist., Div. Two. Nov. 16, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
HECTOR ENCINAS VALENZUELA, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 2.b.

## COUNSEL

Susan E. Cardine, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

RAMIREZ, P. J.—Hector Encinas Valenzuela pled guilty to two counts of gross vehicular manslaughter while intoxicated. (Pen. Code, § 191.5.) He was sentenced to prison and appeals, claiming defects in the pleadings and sentencing error. We reject his contentions and affirm.

### FACTS

During the early morning hours of New Year's Day 1993, Valenzuela, while intoxicated, drove down a Riverside street in excess of 70 miles per hour, entered an intersection against a red light and broadsided a car occupied by the victims—husband and wife. Both victims died at the scene.

### ISSUES AND DISCUSSION

1. *Defects in the Pleadings*

Vehicle Code section 23182 provides: "Any person who proximately causes bodily injury or death to more than one victim in any one instance of

driving in violation of Section 23153 of this code or in violation of Section 191.5 or paragraph (3) of subdivision (c) of Section 192 of the Penal Code, shall, upon a felony conviction, receive an enhancement of one year in the state prison for each additional injured victim. The enhanced sentence provided for in this section shall not be imposed unless the fact of the bodily injury to each additional victim is charged in the accusatory pleading and admitted or found to be true by the trier of fact. The maximum number of one year enhancements which may be imposed pursuant to this section is three. [¶] Notwithstanding any other provision of law, the court may strike the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

■ Valenzuela now contends that, due to the existence of the Vehicle Code section 23182 enhancement, he should have originally been charged with one count of gross vehicular manslaughter, with the death of the second victim alleged only as an enhancement to that offense. We disagree.

Valenzuela was charged with two counts of gross vehicular manslaughter. The record before us discloses no effort made by him to challenge the propriety, correctness or sufficiency of the information. After pleading guilty to both counts and being sentenced, he failed to obtain a certificate of probable cause. As the People correctly point out, his failure to object below and to obtain a certificate of probable cause forecloses his present claim. (Cal. Rules of Court, rule 31(d); *In re Brown* (1973) 9 Cal.3d 679, 682-683 [108 Cal.Rptr. 801, 511 P.2d 1153]; *People v. Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308]; *People v. Kemp* (1961) 55 Cal.2d 458, 474-477 [11 Cal.Rptr. 361, 359 P.2d 913]; *People v. Hughes* (1980) 112 Cal.App.3d 452, 460 [169 Cal.Rptr. 364].)

Valenzuela attempts to sidestep these impassable hurdles to his contention by claiming that, due to the existence of the enhancement, his sentence for the second manslaughter was illegal, a matter which is cognizable on appeal despite the lack of challenge below and the failure to obtain a certificate of probable cause. Valenzuela's attempt is not well taken. Not only does he fail to cite any authority whatsoever for his claim that his sentence is illegal, but we are completely unpersuaded that it is.[1] The existence of the enhancement does not compel the prosecutor to abandon his charging discretion any more than it prohibits the trial court from imposing a proper sentence on counts to which Valenzuela pled guilty.

---

[1]The cases Valenzuela cited during oral argument—*People v. Chadd* (1981) 28 Cal.3d 739 [170 Cal.Rptr. 798, 621 P.2d 837]; *In re Crumpton* (1973) 9 Cal.3d 463 [106 Cal.Rptr. 770, 507 P.2d 74]; *People v. Ellis* (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708]; and *People v. Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108]—do not support his position.

## 2. Sentencing Errors

### a. Consecutive Term

The sentencing court imposed the midterm for the killing of the wife and ran the term for the killing of the husband consecutively to it. In stating its reasons for its sentencing choices, the trial court said, " 'Deterring others from criminal conduct by demonstrating its consequences.' . . . [T]hat's something that I am taking into consideration when I pronounce sentenc[e] today. . . .

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"In this case, there are a number of mitigating and aggravating circumstances. And I have made a weighing process . . . in this case. And in weighing the various factors which have been pointed out to me by . . . letters [from the victims' families and in behalf of Valenzuela], by the Probation Department, by my knowledge of the facts, it appears to my satisfaction that . . . neither the mitigating circumstances nor the aggravating circumstances outweigh one another.

"Therefore, I am going to order that the defendant be sentenced to state prison for the term prescribed specifically by the Legislature, which is six years in state prison for Count I. . . .

"As to Count II, I have other choices now that I have to perform, as to whether or not that should run concurrent or consecutive. It seems to me that while we are dealing with, as some might say, an arguable [Penal Code section] 654 issue, I do not believe that it is a [section] 654 problem because [section] 654 specifically talks about . . . [¶] . . . an act or omission which is made punishable in different ways, the code section does not talk about different or multiple victims. It simply talks about an act which is punishable in different ways.

"In this case, there was a single act, that's true. But there [are] also multiple victims, and it's certainly foreseeable that there would have been multiple victims. I think most cars are designed these days that more than one occupant is to be in that car. So it's certainly foreseeable to think that there is going to be more than one occupant in any one vehicle at any given time.

"I don't think this is a [Penal Code section] 654 issue, so it is my intent to sentence as to Count II as well. The Legislature has prescribed that I have an

obligation to determine if I'm going to run it consecutive, that I must sentence the defendant to one-third the mid term or two years. So it's my intent today and my order of the Court, my order today, that the defendant be sentenced as to Count II to one-third the mid term, or in other words two years, and will order that this run consecutive to the six years previously imposed."

██ Valenzuela contends that the trial court's reliance upon the multiple victims factor as a reason for running his term for the killing of the husband consecutive to that for the killing of the wife was improper. We disagree.

Before they were amended in 1991 to delete references to multiple victims, California Rules of Court, rules 421(a)(4) and 425(a)(4) provided as an aggravating circumstance and a criterion affecting concurrent and consecutive sentences, respectively, the fact that "The crime involved multiple victims."[2] The reason for its inclusion in these rules was to further the intent of the Legislature that prison terms be proportionate to the seriousness of the offense. (Pen. Code, § 1170, subd. (a)(1).)

While the multiple victims factor was still part of California Rules of Court, rules 421 and 425, *People* v. *Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511] was decided. In *Guevara,* the defendant had kidnapped both mother and son, but had pled guilty only to the kidnapping of the son. A count charging the kidnapping of the mother had been dismissed as part of the defendant's plea bargain. In rejecting the defendant's claim on appeal that the trial court should not have used the multiple victim factor to impose the upper term for the kidnapping, Division One of this court said, "[The mother] was abducted along with [the son]. No amount of sophistry will make this fact anything but a 'circumstance'—an aggravating 'circumstance' of the kidnapping of [the son]. It has long been the law that the sentencing court must consider all of the attendant circumstances of the crime of which the defendant has been convicted. [Citations.]" (*Id.* at p. 93.)

Springboarding from *Guevara,* the Court of Appeal in *People* v. *Coulter* (1983) 145 Cal.App.3d 489 [193 Cal.Rptr. 476] held: "Where . . . multiple crimes are so closely connected in time and place as to comprise a single criminal transaction a sentencing court may impose the aggravated term for one of the crimes based upon a finding of multiple victims involved in the entire criminal transaction. . . . [¶] [Cases subsequent to *Guevara*] have found the phrase 'transactionally related' convenient in distinguishing between those cases where a finding of multiple victims is proper because of

---

[2]This is taken from California Rules of Court, former rule 421(a)(4). Former rule 425(a)(4) provided, as a criterion affecting concurrent or consecutive sentences, the fact that "Any of the crimes involved multiple victims."

the circumstantial cohesiveness of multiple crimes each involving a single victim, and those cases where the crimes are sufficiently separated in time and circumstance such that a multiple victim finding is unwarranted." (145 Cal.App.3d at pp. 491-492.)

The "transactionally related" analysis was utilized by other Courts of Appeal in *People* v. *Blade* (1991) 229 Cal.App.3d 1541 [281 Cal.Rptr. 161]; *People* v. *Birmingham* (1990) 217 Cal.App.3d 180, 185 [265 Cal.Rptr. 780] [Div. One of this court]; *People* v. *Burney* (1981) 115 Cal.App.3d 497 [171 Cal.Rptr. 329]; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71]; and *People* v. *Fowler* (1980) 109 Cal.App.3d 557 [167 Cal.Rptr. 235].[3]

In *Fowler,* a case strikingly similar to this one, the defendant killed her passenger and the driver of the car she struck and injured the passenger of the other car. She was convicted of drunk driving and causing injury, and two counts of vehicular manslaughter. In upholding the trial court's reliance upon the multiple victims factor in imposing the upper term on the drunk-driving conviction, the Court of Appeal said: "Defendant claims . . . that this factor is inappropriate to circumstances, such as in the present case, where multiple convictions and the possibility of consecutive sentences arise from the defendant's conduct in committing *one* crime which produced multiple victims. She argues that the 'multiple victim' criteri[on] *only* refers 'to a situation where a person is convicted of two or more crimes and one of those involved multiple victims.' Defendant's interpretation of the rule is contrary to its plain language and would virtually eliminate its use in the decision to impose consecutive sentences." (*People* v. *Fowler, supra,* 109 Cal.App.3d at p. 567, italics in original.)[4]

The California Supreme Court endorsed the "transactionally related" analysis in *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396].

Other Courts of Appeal have rendered decisions in conflict with those cited above, relying on the analysis specifically rejected in *Fowler* and without reference to the "transactionally related" approach. (*People* v. *Arviso* (1988) 201 Cal.App.3d 1055 [247 Cal.Rptr. 559]; *People* v. *McNiece* (1986) 181 Cal.App.3d 1048, 1061 [226 Cal.Rptr. 733] [facts similar to those here],

---

[3]Although *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 758 [165 Cal.Rptr. 764], is cited in some opinions as rejecting the "transactionally related" analysis, it actually supported it in that it held, "The [trial] court may not find that the crime at issue . . . involved multiple victims . . . by adding victim(s) from *independent* crimes." (Italics added.)

[4]In *People* v. *Leung* (1992) 5 Cal.App.4th 482, 503 [7 Cal.Rptr.2d 290], the Sixth District declared that *Fowler*'s analysis was correct.

overruled on other grounds in *People* v. *McFarland* (1989) 47 Cal.3d 798, 805 [254 Cal.Rptr. 331, 765 P.2d 493; *People* v. *Levitt* (1984) 156 Cal.App.3d 500, 517 [203 Cal.Rptr. 276]; *People* v. *Humphrey* (1982) 138 Cal.App.3d 881 [188 Cal.Rptr. 473] [authored by the author of *Fowler,* but disagreeing with the position taken in *Fowler*].)

As stated before, in 1991, the multiple victims factor was deleted from California Rules of Court, rules 421 and 425. The Advisory Committee Comment states that the deletion was made "to avoid confusion; cases in which that possible circumstance . . . was relied on were frequently reversed on appeal because there was only a single victim in a particular count." (Advisory Com. Comment, Cal. Rules of Court, rule 421.) The truth is that the confusion came from split of authority among the various Courts of Appeal as to the circumstances under which this factor could be properly utilized.

The deletion, however, does not prevent the sentencing court from using the factor where it is appropriate. (See *People* v. *Leung, supra*, 5 Cal.App.4th at p. 504; *People* v. *Gutierrez* (1992) 10 Cal.App.4th 1729, 1739 [13 Cal.Rptr.2d 464].)

We believe its use here is appropriate and we embrace the "transactionally related" analysis supported by the California Supreme Court and Division One of this court. In this case, it may easily be argued that the trial court "used up" all the aggravating factors listed in the probation report, which it then balanced against the mitigating factors, to arrive at the midterm for the killing of the wife. This left no aggravating factors which could justify imposition of a consecutive term for the killing of the husband. None of the other factors listed in California Rules of Court, rule 425, which could be used to impose a consecutive term, are applicable here. Without the "transactionally related" analysis, this trial court would be unable to impose a consecutive term for the killing of the husband and would be faced with the unpleasant reality of being forced to allow his death to go unpunished. We do not believe this is the purpose of the pertinent provisions of the sentencing law. They exist to punish according to culpability. Valenzuela's drunk driving resulted in the death of two people, not just one. The trial court should have the discretion to make Valenzuela "pay" for both deaths.

b.   *Restitution Fine\**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*See footnote, *ante,* page 358.

## DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied December 6, 1995, and appellant's petition for review by the Supreme Court was denied February 29, 1996. Kennard, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.