[Crim. No. 9069. First Dist., Div. Two. Oct. 19, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
CLARENCE MORRIS, Defendant and Appellant.

660

## COUNSEL

Stephen M. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Eugene Kaster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KANE, J.**—Defendant Clarence Morris appeals from a judgment of conviction entered on a jury verdict finding him guilty of perjury (Pen. Code, § 118).

The charge of perjury arose from a petition for habeas corpus filed by appellant during his incarceration at San Quentin Prison. In his petition appellant declared under penalty of perjury that Fred W. Gabourie, the attorney who represented him in the 1967 proceedings that resulted in his being sent to prison, had assured him that the sentencing judge, with the prosecutor's concurrence, had agreed to give appellant no more than a six-month county jail term and that all charges would be dismissed against appellant's wife. Appellant alleged that these promises were the cause of his entering a guilty plea to three charged narcotics violations.

On June 19, 1969 the Marin County Grand Jury returned an indictment accusing appellant of perjury and alleging three prior narcotics convictions. Appellant was arraigned, pleaded not guilty and denied the prior convictions.

At the conclusion of the trial the jury returned a verdict finding appellant guilty as charged and finding that the three alleged prior convictions were true.

Appellant was thereafter sentenced to state prison for the term prescribed by law, the sentence to be served consecutive to the sentences appellant was then serving.

Appellant contends: (1) it was reversible error to admit the testimony of his former counsel in violation of the attorney-client privilege (Evid.

Code, § 954); (2) even if such testimony was admissible, respondent did not sustain the burden of proof of perjury as required by Penal Code section 1103a; (3) the trial court committed reversible error by permitting defendant to be brought into the court in chains and to remain so during a portion of the jury selection; and (4) the trial court abused its discretion by imposing consecutive rather than concurrent sentences. For reasons which will follow, we find no merit to any appellant's contentions and accordingly affirm the judgment.

## The Attorney-Client Privilege

The privilege securing the secrecy of a confidential communication between a lawyer and his client is not absolute. Evidence Code section 912 provides in pertinent part that the lawyer-client privilege is waived if the client (who is the holder of that privilege), without coercion, has disclosed a significant part of the communication. It is patently obvious that by the very allegations in his petition for habeas corpus appellant disclosed a significant part of communications with his attorney.

Additionally, Evidence Code section 958 sets forth a specific exception in the situation where, as here, the communication relates to an issue of alleged breach by the lawyer of a duty arising out of the lawyer-client relationship.[1]

Although the exception covered by section 958 was not based upon any preexisting decisions, the prognostication of the Law Revision Commission that "dicta in several opinions indicate that it [the exception] would be recognized if the question were presented in a proper case" (comment, Evid. Code, § 958) has proven to be accurate. (See *Carlson, Collins, Gordon & Bold* v. *Banducci* (1967) 257 Cal.App.2d 212 [64 Cal.Rptr. 915].) We hold that the exception applies in criminal proceedings as well.

Appellant contends, however, that the above cited exceptions would have merely been applicable to an action against the attorney or at the hearing on the merits of the habeas corpus petition itself, but not in a different procedure like the present one.

This argument is untenable and is contrary to reason as well as authority. In *Agnew* v. *Superior Court* (1958) 156 Cal.App.2d 838 [320 P.2d 158], the client's voluntary testimony in one proceeding was held to be a waiver of privilege in a subsequent action.

Witkin, California Evidence (2d ed.), section 824, sets forth the loss of

---

[1] Evidence Code, section 958: "There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship."

privilege under Evidence Code section 958 in the following language: "If, in litigation between an attorney and his client or *between the client and a third person, or in any other proceeding,* the attorney's integrity, good faith, authority or performance of his duties are questioned, the attorney should be permitted to meet this issue with testimony as to communications between himself and his client." (Italics added.)

Since in the instant case attorney Gabourie's good faith, honesty and professional conduct were under attack, he was authorized to testify to the contrary, and appellant's initial privilege was lost pursuant to Evidence Code section 958.

### Requirements of Proof Re: Perjury

■ Under Penal Code section 1103a, "Perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances."[2] Since in the instant case the perjury was proved by one witness and corroborating circumstances, appellant raises the issue that the corroborating evidence in the instant case ought to be held insufficient as a matter of law.

There does appear to be some contradiction in the decided cases concerning the qualitative sufficiency of the corroborative circumstantial evidence. E.g., one line of authority indicates that the corroboration must be by circumstances which of themselves independently tend with a reasonable degree of certainty to show guilt (*People* v. *Baranov* (1962) 201 Cal.App.2d 52 [19 Cal.Rptr. 866]) while another takes a contrary view (*People* v. *Todd* (1935) 9 Cal.App.2d 237, 241 [49 P.2d 611].)

The cases are consistent, however, in holding that the corroborative evidence may be circumstantial as well as direct; it may be discerned in the testimony and behavior of the accused himself, both on the witness stand and elsewhere (*People* v. *Agnew* (1947) 77 Cal.App.2d 748, 754 [176 P.2d 724].) and the manner in which the accused testifies and the unreasonableness of his story may serve as the strongest kind of corroborative evidence. (*People* v. *Todd, supra,* 9 Cal.App.2d at p. 241.)

Viewing the facts of the instant case, it is not essential to decide which one of the above tests should be followed, because the present corrobo-

---

[2]Effective November 10, 1969, section 1103a provides that: "No person shall be convicted of perjury where proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. Proof of falsity may be established by direct or indirect evidence."

A recent appellate decision commenting on this change noted: "It is apparent that this amendment lightens the prosecution's burden." (*People* v. *Gamble* (1970) 8 Cal.App.3d 142, 147 fn. 2 [87 Cal.Rptr. 333].) We concur.

rating circumstances prove appellant's guilt to a reasonable degree of certainty under either or both.

The corroborating evidence as shown by the record can be summarized as follows: (1) On June 28, 1967 when he pleaded guilty, appellant stated on the record that he understood that no one could make promises to him as to what the judge would do after entry of the plea and stated that his guilty plea was made voluntarily and without promise; (2) Deputy District Attorney Rose testified that neither he nor the judge made any promises to Gabourie; (3) Gabourie's law partner Merdler testified that he never heard Gabourie tell appellant of any promises from the judge or the district attorney; (4) appellant did not protest the sentence; (5) after sentencing, appellant continued to allow Gabourie to handle his automobile accident case; and finally (6) the unreasonableness of appellant's story stating in his testimony that he had read the entire petition prepared by his fellow inmate, except the certification clause.

The foregoing corroborating circumstances give rise by themselves to the inference that appellant had not been told of any alleged promises from the judge or district attorney.

### No Prejudicial Error Was Committed by Allowing Appellant to Appear in Chains Before the Jury

We need devote only minimal discussion to this issue in light of appellant's admission that the use of guards in court and the necessity for manacles are within the discretion of the trial court. He argues, however, that the judge in the instant case abused that discretion. We disagree.

Altogether too much emphasis has been placed by judicial dicta, law review writers, and journalistic commentators on the alleged psychological impact of courtroom atmosphere upon the minds of jurors. It is time that such speculative, unrealistic, naivete be relegated to its proper forum—academic studies in the field of psychology—and removed from the pragmatic forum of the courts.

Jurors, before being sworn to try a case, are generally committed to the promise that they will try the case on the evidence and law. Experience has proven beyond any doubt that jurors, assigned the duty of ascertaining truth, are quite capable of disregarding collateral matters. For example, the fact that a defendant has been charged with a crime, that he is in custody, that he faces trial are facts which are often inescapably evident at the commencement of a criminal trial; yet they play no part in the jury's deliberations, because they have nothing whatsoever to do with the decision-making process.

It is also totally fair to say that every trial judge would prefer to have every case conducted without the necessity of restraining the defendant. From a utopian point of view, trials should be conducted without any aura of restraint or need for security. But the realities of the day emphatically tell us that such desirable conditions are not always available to our judicial process.

Thus, the vagaries of each individual case, the variation in security facilities in different jurisdictions, the conduct and attitude of a defendant and/or his counsel, and a myriad of other factors all play a part in the decision of the trial judge as to what action must be taken with respect to restraints upon the defendant. The trial judge is in the very best position to make that judgment. We should adhere to the basic presumption that the trial judge has faithfully performed his duty until and unless the defendant shows without equivocation that there was no basis whatever for the restraint employed.

Here, no such showing has been made.

In the case at bench, the chains were removed from appellant shortly after the *voir dire* examination began on the first day of trial. The chains were discussed out of the presence of the prospective jurors and their removal did take place at respondent's request. When the prospective jurors returned to the courtroom, the judge addressed them on this matter, admonishing them to disregard the chains. It is speculative whether such an admonition was even necessary; but in any event, in the absence of any showing by appellant that the admonition was not efficacious, we conclude that it was.

### Consecutive Sentencing

■ The determination by a trial court of whether several sentences are to run concurrently or consecutively also involves the exercise of discretion vested in the court by law (Pen. Code, § 669; *People* v. *Fusaro* (1971) 18 Cal.App.3d 877, 894 [96 Cal.Rptr. 368]; *In re Sandel,* 64 Cal.2d 412, 416 [50 Cal.Rptr. 462, 412 P.2d 806]) and error cannot be predicated on such action, unless abuse of discretion is clearly shown (*People* v. *White* (1950) 100 Cal.App.2d 836, 837-838 [224 P.2d 868]).

■ Appellant, while conceding the validity of the above stated rule, contends that in the present case the trial judge abused his discretion (1) by failing to receive evidence in aggravation and mitigation of punishment as prescribed by Penal Code section 1204; (2) by expressing personal views that appellant's petition was flagrantly false, and that there was no *great deal of* difference here in imposing consecutive rather than concurrent

sentence; and (3) voicing his opinion that the consecutive sentence might deter appellant and others from filing perjurious petitions.

None of appellant's arguments is well founded. Having full discretion in sentencing under Penal Code section 669, the trial judge is not bound to invoke Penal Code section 1204 which comes into play only if the trial judge decides to receive evidence in imposing a consecutive or concurrent sentence. (Cf. *Pople* v. *Neal* (1950) 97 Cal.App.2d 668 [218 P.2d 556].)

█ While there is no legal requirement that reasons or explanations be given by the trial judge in connection with the pronouncement of sentence, there is likewise no prohibition against doing so. Such reasons, if expressed, do not necessarily affect the validity of the judgment (*People* v. *Withers* (1946) 73 Cal.App.2d 58, 60 [165 P.2d 945]). In this latter case, for instance, the judge's castigation of defendant in explanation of imposing consecutive sentence was held no basis for challenge. █ We consider the remarks of the trial judge here to be highly appropriate in the light of the record.

The judgment is affirmed.

Taylor, Acting P. J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.