[No. F009169. Fifth Dist. June 3, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL QUIROZ ARVISO, Defendant and Appellant.

**COUNSEL**

Charles M. Bonneau, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—On the evening of August 16, 1986, appellant Michael Quiroz Arviso fired a weapon into the residence of his parents-in-law, killing his estranged wife and her mother, who were in the kitchen. He subsequently pled guilty to two counts of second degree murder (Pen. Code, § 187)[1] and one count of shooting at an inhabited dwelling (§ 246). Additionally, he admitted using a firearm during the commission of the homicides (§ 12022.5).

Arviso was sentenced to 17 years to life in state prison for count 1, plus a consecutive term of 15 years to life for count 2.[2] It is from this sentence that he appeals, contending that the trial court stated insufficient reasons for imposition of consecutive terms. Because we conclude that the trial court did not abuse its discretion in imposing sentence, we affirm.

The trial court stated its sentencing choices and the reasons therefor as follows: "The Court in this matter concludes the defendant is statutorily ineligible for probation, and the court would not grant probation even if that were not so because of the nature of the offense, the violence and the taking of two lives, these intentional acts would not justify the granting of probation.

"The court has considered the defendant's statement as being submitted in writing by Mr. Ellery [defense counsel] on behalf of the defendant, the doctors' reports, and also, of course, the probation report itself. The law provides a range of punishment for second degree murder of 15 years to life.

"The Court orders that as to Count I the defendant be committed to the California Department of Corrections to serve the term of 15 years to life.

"To that the court adds an additional two years based upon the violence and conviction of [section] 12022.5 of the Penal Code, the use of a firearm, to be served consecutively with the charge itself, the [section] 187 of the Penal Code. Then the base term is Count I.

"As to Count II, the court again imposes a 15 year to life term, and the court orders that that term run consecutively with Count I.

---

\* Before Martin, Acting P. J., Best, J., and Brown (G. A.), J.†

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In addition, imposition of sentence on count 3 was stayed and a $7,500 restitution fine was imposed.

---

†Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

"Now it's been contended that there are unusual—there are mitigating factors that the court should consider as suggested by the doctors' reports and the comments of various persons, and the court has considered the defendant's mental and physical condition but concluded that the other circumstances in aggravation substantially outweigh those mitigating circumstances, and the defendant should serve Count II then consecutively.

"The court believes these victims were particularly vulnerable, they were sitting in their own home without any forewarning, shot through the walls and windows of their own home without any kind of forewarning or notice of what might be happening or going to happen to them.

"Further, that the crime involved multiple victims. Each of these is a good and valid and separate reason for imposing the upper term, and each of them substantially out ways [*sic*] the mitigating factor. There's only one mitigating factor that's been called to my attention, and that certainly is substantially outweighed by the aggravating factors."

■ Preliminarily, we note that a trial court is not required to state its reasons for ordering one indeterminate term to run consecutively to another indeterminate term. Section 1170, subdivision (c), which requires the trial court to "state the reasons for its sentence choice on the record at the time of sentencing," applies only to sentences imposed pursuant to section 1170, i.e., determinate sentences. However, Arviso was sentenced pursuant to section 1168, which makes no reference to a statement of reasons. Likewise, California Rules of Court, rule 403[3] specifically states that the sentencing rules, which require a statement of reasons "for those matters for which reasons are required by law" (rule 433(c)(5)), "apply only to criminal cases in superior courts in which the defendant is convicted of one or more offenses punishable as a felony by a determinate sentence imposed pursuant to chapter 4.5 (commencing with § 1170) of Title 7 of Part 2 of the Penal Code." Accordingly, a trial court may impose consecutive indeterminate terms without any statement of reasons whatsoever.

■ Where there is no requirement that a trial court state its reasons for the imposition of consecutive sentences, its reasons, if expressed, do not necessarily affect the validity of the sentence. (*People* v. *Morris* (1971) 20 Cal.App.3d 659, 667 [97 Cal.Rptr. 817].) This being the case, we need not remand the instant matter for resentencing, even assuming that improper reasons were given for the challenged sentence choice, unless we conclude that the court abused its discretion by imposing consecutive indeterminate terms.

---

[3] All rule references are to the California Rules of Court.

■ "A trial court's discretionary act is accorded great weight on appeal: It 'will not be disturbed unless it is abused, i.e., the appellate court will not substitute its own view as to the proper decision.' [Citation.] To warrant reversal the record must suggest ' "a manifest miscarriage of justice." ' [Citation.]" *(People v. Angus* (1980) 114 Cal.App.3d 973, 988 [171 Cal.Rptr. 5].) Although its discretion is very broad, a trial court may not act arbitrarily or capriciously. *(People v. Buford* (1974) 42 Cal.App.3d 975, 985 [117 Cal.Rptr. 333].) However, "[i]n the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not to be set aside on review. [Citations.]" *(People v. Preyer* (1985) 164 Cal.App.3d 568, 573-574 [210 Cal.Rptr. 807].)

■ Under the Indeterminate Sentencing Law (ISL), a trial court has "full discretion" in deciding whether to impose consecutive sentences. *(People v. Morris, supra,* 20 Cal.App.3d at p. 667.)[4] Where the Rules of Court permit a trial judge to rely on certain factors when imposing consecutive determinate sentences, we find no abuse of discretion where the judge relies on those factors, by analogy, in imposing consecutive indeterminate terms.

■ In the case at bench, Arviso does not challenge the trial court's determination that the victims were particularly vulnerable (rule 421(a)(3); rule 425(b)). Furthermore, our examination of the record indicates that the crimes involved separate acts of violence (rule 425(a)(2); *People v. Levitt* (1984) 156 Cal.App.3d 500, 518 [203 Cal.Rptr. 276]) and that Arviso's prior convictions were numerous and of increasing seriousness (rule 421(b)(2); *People v. Ramos* (1980) 106 Cal.App.3d 591, 609-610 [165 Cal.Rptr. 179]). (See also *People v. Bradford* (1976) 17 Cal.3d 8, 20 [130 Cal.Rptr. 129, 549 P.2d 1225], and *People v. Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65] [trial court sentencing under ISL may properly consider, among other factors, aggravated nature of facts of particular offense and defendant's prior record].) The presence of these factors indicates that the trial court did not "exceed[ ] the bounds of reason, all of the circumstances being considered" *(ibid.)* in imposing consecutive indeterminate terms.

Nonetheless, Arviso contends that the trial court improperly relied on the belief that the crimes involved multiple victims. We recognize, and respondent concedes, that the crimes did not involve multiple victims within the meaning of rule 425(a)(4), as each count alleged only a single victim. (Cf.

---

[4] Although we recognize that most of the cases involving application of the ISL were decided prior to the enactment of the Determinate Sentencing Law (§ 1170 et seq.) and the related Rules of Court, we find them to be fully applicable to the situation before us.

*People* v. *Humphrey* (1982) 138 Cal.App.3d 881, 882 [188 Cal.Rptr. 473]; accord, *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 758 [165 Cal.Rptr. 764]; *People* v. *Levitt, supra,* 156 Cal.App.3d at p. 517.) In the instant case, however, the record reveals the existence of sufficient factors to justify imposition of consecutive sentences. Accordingly, we find that no abuse of discretion resulted from the trial court's consideration of the challenged factor.

The judgment is affirmed.

A petition for a rehearing was denied June 21, 1988.