9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Domingo EDMONDSON, Petitioner-Appellant,
v.
Brian GUNN, Warden; Jerome Di Maggio; Department of
Corrections; Attorney General of California; Dan
Lungren, Respondents-Appellees.
 Nos. 92-56467, 92-56470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Manuel D. Edmondson appeals pro se the district court's dismissal of his two consolidated habeas petitions, challenging his conviction and sentence for two counts of second degree murder for deaths arising from an auto accident in which Edmondson was driving under the influence of alcohol. Edmondson claims there was insufficient evidence of implied malice to support his murder convictions, and the trial court erred in imposing two consecutive terms of 15 years to life. We review de novo the district court's denial of a petition of habeas corpus. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.[1]
 
 SUFFICIENCY OF EVIDENCE
 
 3
 A state court verdict will only be set aside if after viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Pursuant to California law, murder is "the unlawful killing of a human being, or a fetus, with malice aforethought." Cal.Penal Code § 187(a). "Implied malice" is present when "no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." Cal.Penal Code § 188. A finding of implied malice "depends upon a determination that the defendant actually appreciated the risk involved," and evidence of prior convictions for drunk driving are relevant "to prove the accused's awareness of the life threatening risks caused by his conduct." California v. Brogna, 248 Cal.Rptr. 761, 765-766 (1988) ("one who drives a vehicle while under the influence after having been convicted of that offense knows better than most that his conduct is not only illegal, but entails a substantial risk of harm to himself and others").
 
 
 4
 Edmondson contends there was insufficient evidence to support the trial court's finding of implied malice. The evidence presented to the court indicates that Edmondson's blood alcohol level was above the legal level of intoxication. There was testimony from a number of witnesses concerning Edmondson's erratic driving prior to the accident involving the deaths. One witness testified that another driver pulled alongside Edmondson's car to apparently alert him to his dangerous driving pattern. The trial court also considered Edmondson's prior convictions for driving under the influence as evidence that he was on notice of the potential notice of drunk driving. This evidence was not presented in an unnecessarily prejudicial or inflammatory manner, and its probative value as evidence of implied malice was properly considered by the trial court. See Brogna, 248 Cal.Rptr. at 766-67. There was, therefore, sufficient evidence for the state court jury to convict Edmondson of second degree murder based on implied malice. See Jackson, 443 U.S. at 319.
 
 CONSECUTIVE SENTENCES
 
 5
 Generally, federal habeas corpus relief does not lie for alleged errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). In a habeas petition, a federal court is limited to a review of violations of the Constitution or laws of the United States. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (a federal habeas court will not "reexamine state court determinations on state law questions"). "Absent arbitrary or discriminatory action, ... a mistake of state law does not constitute a due process violation." Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir.1984). California state courts have "full discretion to impose consecutive sentences" for indeterminate terms, California v. Murray, 275 Cal.Rptr. 498, 508 (1990), and a trial court is not required to state its reasons "for ordering one indeterminate term to run consecutively to another." California v. Arviso, 247 Cal.Rptr. 559, 560 (1988).
 
 
 6
 Edmondson contends that the state court's imposition of two consecutive terms of fifteen years to life denied him due process and equal protection, based on the court's erroneous interpretation of California's state sentencing statutes. Edmondson's specific challenges to the state court's findings (that the collisions with the two cars did not involve separate acts of violence, that he had numerous prior convictions and that his crime involved malicious violence) are not reviewable by this court as constitutional violations. See Estelle, 112 S.Ct. at 480. Edmondson's remaining claim is that the state court violated his right to due process by failing to state its reasons in sentencing him. The sentencing court, however, was following state law which does not require a statement of reasons in the case of an indeterminate sentence, see Arviso, 247 Cal.Rptr. at 560, and therefore the court was not acting arbitrarily, see Kennick, 736 F.2d at 1280. Edmondson has failed to allege any constitutional violations, and therefore, the district court did not err in denying his federal habeas petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Edmondson's motion for appointment of counsel is denied. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)