Filed 4/5/16  P. v. Gadlin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GREGORY AARON GADLIN,<br><br>Defendant and Appellant. | C078769<br><br>(Super. Ct. No. 13F04190) |

Defendant Gregory Gadlin was convicted of 16 counts of robbery (Pen. Code, § 211),[1] one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and one count of being a felon in possession of ammunition (§ 30305, subd. (a)(1)).  He raises three contentions on appeal:  (1) the trial court erred in imposing prior serious felony enhancements to his two possession convictions; (2) the trial court erred in not staying, under section 654, one of the possession terms; and (3) the trial court erred in failing to state reasons for imposing consecutive terms for robbery convictions on which the court had discretion to impose concurrent terms.  The People concede defendant's first two

---

[1] Undesignated statutory references are to the Penal Code.

1

contentions but challenge the third.  We agree with the People.  Accordingly, we will strike the erroneous enhancements, stay the ammunition possession term, and affirm the remainder of the judgment.

## I.  BACKGROUND

Between May and July 2013, defendant robbed 11 stores.  In five of those robberies, two victims were present.  When defendant was eventually arrested, the police found a loaded gun under the driver's seat of his car.

A jury convicted defendant of 16 counts of robbery.  (§ 211.)  Ten of those counts arose from five robberies with two victims and represented one count for each victim.[2] During the commission of one of the counts defendant discharged a gun.  (§ 12022.53, subd. (c); count 16.)  During the commission of another count defendant discharged a gun and shot his victim, causing great bodily injury.  (§ 12022.53, subd. (d); count 17.) Defendant was also convicted of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 18) and ammunition (§ 30305, subd. (a)(1); count 19).  The court found true that defendant had suffered three prior strike convictions.

For each of the 14 robbery counts where defendant did not discharge a firearm, the court imposed indeterminate terms of 30 years to life and determinant terms of 25 years.[3] (Included within these 14 counts were the 10 counts arising from the five robberies with two victims.)  For the final two robbery counts, in which the defendant discharged a gun,

---

[2] The counts directed to robberies with two victims were:  2 & 3, 8 & 9, 10 & 11, 12 & 13, and 14 & 15.

[3]  The indeterminate terms were calculated under section 667, subdivision (e)(2)(A)(iii) as the upper term of five years for the robbery, plus 10 years for the use of a firearm (§ 12022.53, subd. (b)), plus five years for each of his three prior serious felonies (§ 667, subd. (a)).  The determinate terms were the sum of 10 years for the use of a firearm (§ 12022.53, subd. (c)), plus 15 years for the prior serious felonies (§ 667, subd. (a)).

2

the court imposed indeterminate and determinant terms of 40 years to life and 35 years in count 16; and 70 years to life and 15 years in count 17.[4]

For the firearm possession count (count 18), the court imposed a determinate term of 21 years (three years, doubled, plus 15 years for the three priors). For the ammunition possession count (count 19), the court imposed a determinate term of 16 years four months (eight months, doubled, plus 15 years for the priors).

In total, defendant was sentenced to an aggregate indeterminate term of 530 years to life and an aggregate determinate term of 437 years four months. Of particular relevance to this appeal, the trial court exercised its discretion to run the indeterminate terms for the robberies committed on the same occasion consecutively instead of concurrently; thus the ten counts arising from the five robberies with two victims yielded ten consecutive terms. The trial court did not state its reasons for this exercise of discretion. All other counts, including those arising from the separate robberies, were run consecutively. (See § 667, subd. (c)(7); *People v. Hendrix* (1997) 16 Cal.4th 508, 513 ["when a defendant is convicted of two or more current serious or violent felonies 'not committed on the same occasion, and not arising from the same set of operative facts,' not only must the court impose the sentences for these serious or violent offenses consecutive to each other, it must also impose these sentences 'consecutive to the

---

[4] The indeterminate term for count 16 was calculated under section 667, subdivision (e)(2)(A)(iii) as the upper term of five years for the robbery, plus 20 years for discharging a firearm (§ 12022.53, subd. (c)), plus 15 years for the priors. The determinate term was the sum of 20 years for discharging a firearm (§ 12022.53, subd. (c)), plus 15 years for the priors (§ 667, subd. (a)).

The indeterminate term for count 17 was calculated under section 667, subdivision (e)(2)(A)(iii) as the upper term of five years for the robbery, plus 25 years for discharging a firearm, causing great bodily injury (§ 12022.53, subd. (d)), plus 15 years for the priors. In addition, a 25 year-to-life indeterminate enhancement was included under section 12022.53, subdivision (d). The determinate sentence was 15 years for the prior serious felonies. (§ 667, subd. (a).)

sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law' "].)

## II. DISCUSSION

A.  *Imposing Prior Serious Felony Enhancements on the Firearm and Ammunition Possession Counts Was Error*

Defendant first contends the trial court erred in imposing prior serious felony enhancements on his convictions for possession of a firearm and possession of ammunition. He reasons those convictions do not constitute serious felonies. The People concede error, and we agree.

Section 667 imposes a five-year enhancement for each prior serious felony when the defendant is convicted of a new serious felony. (§ 667, subd. (a)(1).) A "serious felony" means a felony listed in section 1192.7, subdivision (c). (§ 667, subd. (a)(4).) Neither possession of a firearm nor possession of ammunition is included in that subdivision.

Imposing two 15-year prior serious felony enhancements on defendant's two possession convictions was error. Accordingly, we strike the 15-year enhancements imposed on counts 18 and 19.

B.  *The Term for Possession of Ammunition Must Be Stayed Under Section 654*

Defendant next contends the trial court erred in imposing consecutive terms for his possession of a firearm and possession of ammunition convictions. He reasons that section 654 proscribes consecutive terms because the convictions arose from the same intent and objective. Here too, the People concede error, and we agree.

Though a person may be convicted of more than one crime for the same act, section 654 proscribes multiple punishments for the same act. (§§ 654, 954; *People v. Correa* (2012) 54 Cal.4th 331, 337.) An "act" can encompass a "course of conduct." (*Id.,* at p. 335.) Unlawfully possessing a firearm and unlawfully possessing ammunition in the same firearm constitutes an indivisible course of conduct. (*People v. Lopez* (2004)

4

119 Cal.App.4th 132, 138 ["Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment"].)

Here, having a loaded gun under the driver's seat was the basis for both possession offenses. There is no indication of separate intent and objective for the firearm and ammunition. We accordingly stay execution of the sentence on count 19, felon in possession of ammunition.

C.    *The Trial Court Was Not Required to State Reasons for Imposing Indeterminate Consecutive Sentences*

Defendant finally contends the trial court erred in failing to state reasons for imposing consecutive 30-year-to-life terms on the ten robbery convictions; which the court had discretion to impose concurrent terms. He reasons that when a trial court makes a sentencing choice, including imposing consecutive terms, it must state reasons on the record. Defendant concludes the trial court erred in failing to state reasons for imposing consecutive terms for the robbery convictions involving two victims.

He further contends that he was not required to object at sentencing to preserve the issue because he was deprived of a meaningful opportunity to do so. And if his counsel was required to object, the failure to do so constituted ineffective assistance of counsel. Defendant is mistaken.

The trial court had no duty to state reasons for imposing consecutive terms because that obligation does not apply to indeterminate sentences. Determinant sentences, by contrast, require stated reasons if the court decides they should run consecutively. (§ 1170, subd. (c) ["The court shall state the reasons for its sentence choice on the record at the time of sentencing"]; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1117 ["A consecutive sentence requires the sentencing judge to articulate a statement of reasons"]; Cal. Rules of Court, rule 4.406(b)(5) ["Sentence choices that

5

generally require a statement of a reason include . . . [¶] . . . [i]mposing consecutive sentences"].)

A decision to have indeterminate sentences run consecutively does not require stated reasons. (*People v. Arviso* (1988) 201 Cal.App.3d 1055, 1058 (*Arviso*), superseded by rule on other grounds as stated in *People v. Calhoun* (2007) 40 Cal.4th 398, 407, fn. 6 ["a trial court is not required to state its reasons for ordering one indeterminate term to run consecutively to another indeterminate term"]; *People v. Murray* (1990) 225 Cal.App.3d 734, 750 (*Murray*) [§ 1170 sentencing rules do not apply to imposition of consecutive indeterminate sentences]; see also Cal. Rules of Court, rule 4.403 ["These rules apply only to criminal cases in which the defendant is convicted of one or more offenses punishable as a felony by a determinate sentence imposed under Penal Code part 2, title 7, chapter 4.5 (commencing with section 1170)"].)

Defendant, however, argues that his sentence was in fact governed by section 1170 (which requires stated reasons) because, in his view, *Arviso* and *Murray* are distinguishable. He points to section 1168, subdivision (a), which provides in relevant part, "[e]very person who commits a public offense, for which any specification of three time periods of imprisonment . . . shall . . . be sentenced pursuant to Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2." He argues that *Arviso* and *Murray* should not control because they both involved convictions for second degree murder; a crime that specifies an indeterminate term of 15 years and not a triad. In this case, the underlying charges were for robbery; a crime that is ordinarily subject to a determinate triad. Building on this argument, defendant concludes the robbery charge fell under the ambit of section 1168, subdivision (a), and he must be sentenced pursuant to section 1170.

Here, again, defendant is mistaken. Section 1168, subdivision (a) does not apply to a robbery charge where, as here, an indeterminate sentence has been imposed pursuant to section 667, subdivision (e)(2)(A)(iii). (See *People v. Miles* (1996) 43 Cal.App.4th

6

364, 370, fn. 6 [explaining that where a sentence was imposed for a robbery conviction made indeterminate under § 667, subd. (e)(2)(A)(ii), the defendant had not been sentenced to one of three potential determinate terms pursuant to § 1168, subd. (a)].)

Because there was no duty to state reasons for imposing consecutive indeterminate sentences, the trial court did not err in failing to do so.  For this reason, we need not consider defendant's further contentions regarding the failure to object.

### III.  DISPOSITION

The judgment is modified to strike the 15-year sentence enhancements under section 667, subdivision (a) as to counts 18 and 19.  The judgment is further modified to stay execution of the sentence on count 19 (§ 30305, subd. (a)(1)), pursuant to section 654.  The trial court is directed to prepare an amended determinate abstract and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MURRAY, Acting P. J.

/S/

_____

DUARTE, J.

7