Filed 1/7/21  P. v. Bryson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076683 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD268146) |
| RONALD GENE BRYSON, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Esteban Hernandez, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant Ronald Gene Bryson appeals a judgment of conviction entered after a jury found him guilty of six counts of committing lewd acts against minor sisters Jane Doe 1 and Jane Doe 2 (Pen. Code, § 288, subd. (a); counts 2–5, 7–8).[1] The jury found true allegations that the defendant committed offenses against multiple victims (§ 667.61, subds. (e)(4), (j)(2)) and, with respect to count 4, the jury found true an allegation that the defendant inflicted great bodily injury in the commission of the offense (§ 12022.7, subd. (a)). The trial court sentenced the defendant to six consecutive terms of 25 years to life, plus a consecutive three-year term for the great bodily injury enhancement, for an aggregate term of 153 years to life.

The defendant asserts the trial court violated the ban on dual use of facts by allegedly relying on the same fact—the existence of multiple victims—both to impose the indeterminate 25-to-life terms under the One Strike Law (§ 667.61) and to run those terms consecutively rather than concurrently. In the alternative, the defendant contends his trial counsel was ineffective for failing to object to the imposition of the consecutive terms.

We conclude the defendant's first argument is forfeited and both arguments are meritless. Therefore, we affirm the judgment.

# II

## BACKGROUND

In 2014, 12-year-old sisters Jane Doe 1 and Jane Doe 2 moved into their aunt's apartment together with other members of their immediate family. The defendant was in an on-again, off-again romantic relationship

---

[1] Further statutory references are to the Penal Code.

with the sisters' aunt. After the sisters moved in with their aunt, the defendant became involved in the sisters' lives. He regularly played with them, picked them up from school, and babysat them while the other members of the family were at work. Jane Doe 1 referred to the defendant as her "Tio."

During several of the defendant's visits, the defendant forced the sisters to have sexual intercourse with him. He forced Jane Doe 1 to have sexual intercourse with him on at least five occasions. According to Jane Doe 1, she tried to resist the defendant's advances but was unable to do so. During one of these forced sexual encounters, the defendant impregnated Jane Doe 1. She later gave birth to the defendant's child at the age of 13. The defendant forced Jane Doe 2 to have sexual intercourse with him on at least three occasions.

In connection with these incidents, the defendant was convicted of four counts of committing a lewd act on Jane Doe 1 (counts 2–5) and two counts of committing a lewd act on Jane Doe 2 (counts 7–8). The jury found true allegations that the defendant committed the offenses against multiple victims and, as to count 4, that the defendant inflicted great bodily injury in the commission of the offense.[2]

The probation officer submitted a probation report recommending the trial court sentence the defendant to 153 years to life, consisting of six consecutive 25-to-life terms for the lewd act convictions and a consecutive three-year term for the great bodily injury enhancement. The probation

---

[2]     The jury was unable to reach a unanimous verdict on two additional counts of committing lewd acts against a child under the age of 14 (counts 1 and 6) and a one-strike special circumstance allegation of great bodily injury (count 4). The trial court declared a mistrial as to those counts and dismissed the counts and the special circumstance allegation.

officer recommended the court run the terms consecutively because "each count involved a separate sexual act" and the defendant committed the offenses against separate victims.

The prosecution filed a sentencing statement that likewise recommended an aggregate sentence of 153 years to life. The prosecution argued there were multiple factors in aggravation and no factors in mitigation. According to the prosecution, the aggravating factors included the fact that the defendant posed a serious danger to society, the fact that the defendant was on probation when he committed his crimes, and the fact that the defendant's prior performance on probation was unsatisfactory. The prosecution argued, "[a] consecutive prison sentence for each count [was] absolutely warranted in light of Defendant's repeated predatory sexual assaults upon two children, an innocent child being birthed as a result of the rapes, and Defendant's lack of remorse, regret, and accountability for the horrific crimes he committed."

During the sentencing hearing, the trial court opined that it read and considered the probation report and the prosecution's sentencing statement. In accordance with the recommendations of the probation officer and the prosecution, the court sentenced the defendant to prison for 153 years to life.

III

DISCUSSION

A

*Dual Use*

"Penal Code section 667.61 (the 'One Strike' law) provides that if a defendant is convicted of a designated sex offense, and there is a finding of one or more aggravating circumstances, then the court shall impose a sentence of either 15 or 25 years to life. If a designated sex offense is

4

committed against multiple victims, the default sentence is 15 years to life. (§ 667.61, subd. (b).) But if multiple victims are under 14 years of age, the sentence must then be 25 years to life. (§ 667.61, subd. (j)(2).)" (*In re Vaquera* (2019) 39 Cal.App.5th 233, 235, footnote omitted.)

Here, the jury found the defendant committed six counts of lewd acts against multiple victims under 14 years of age in violation of section 288, subdivision (a). Violations of section 288, subdivision (a) are designated sex offenses under the One Strike Law. (§ 667.61, subd. (c)(8).) Therefore, as both parties agree, the proper sentence for each of the six counts was 25 years to life. (§ 667.61, subds. (e)(4), (j)(2).) Both parties further agree, as do we, that the trial court had discretion under section 669 to impose these terms either concurrently or consecutively. (*People v. Zaldana* (2019) 43 Cal.App.5th 527, 536 ["the court retains discretion to impose concurrent *or* consecutive 25-year-to-life terms for the … violations of section 288, subdivision (a)"]; cf. § 667.61, subd. (i) [mandating consecutive sentences for sex offenses not at issue here].) The parties disagree, however, as to whether the trial court properly exercised its discretion in running the terms consecutively.

The defendant asserts the court abused its discretion because it allegedly ran the terms consecutively based on the fact that the defendant committed his offenses against multiple victims. According to the defendant, the court made use of the same fact to sentence him under the One Strike Law to 25 years to life for each count. The defendant asserts the court's alleged use of the fact of multiple victims for both purposes was "tantamount to … a violation of the 'dual use' rule."

During sentencing, the defendant did not object to the trial court's alleged dual use of the fact of multiple victims. By failing to object, the

defendant has forfeited his dual use argument. (*People v. Scott* (1994) 9 Cal.4th 331, 356 ["[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."]; see also, e.g., *People v. de Soto* (1997) 54 Cal.App.4th 1, 7 [defendant's assertion of boilerplate objection forfeited dual use argument]; *People v. Erdelen* (1996) 46 Cal.App.4th 86, 90–91 [defendant's failure to object forfeited dual use argument].)

Even if the defendant had preserved his dual use argument for appeal, the defendant's dual use argument is meritless because it rests on a misinterpretation of the trial court record. When imposing the sentence for each count, the court made the following comment on the record: "[F]or violation of Penal Code Section 288[, subd.] (a), lewd act upon a child with a true finding of Penal Code Section 667.61[, subd.] (j)(2) that the defendant committed the offense against more than one victim, defendant is sentenced to a consecutive indeterminate term of 25 years to life."

Although the court referenced the offense and the associated multiple victim finding for each count before pronouncing the sentence, the court never indicated it was using the fact of multiple victims as the basis for its decision to run the indeterminate terms consecutively. Instead, the court—as it was entitled to do—refrained from articulating any reason for its decision to run the terms consecutively. (*People v. Arviso* (1988) 201 Cal.App.3d 1055, 1058, superseded by rule on other grounds as stated in *People v. Calhoun* (2007) 40 Cal.4th 398, 407, fn. 6 ["[A] trial court may impose consecutive indeterminate terms without any statement of reasons whatsoever."]; *People v. Dixon* (1993) 20 Cal.App.4th 1029, 1037 ["Section 1168 does not require a statement of reasons for a sentencing choice."].) Because there is no

indication the court used the fact of multiple victims to run the terms consecutively, the defendant's dual use argument fails on the merits.[3]

B

*Ineffective Assistance of Counsel*

The defendant asserts his trial counsel was ineffective for failing to object to the trial court's imposition of consecutive terms for each of his six lewd act convictions. "Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result." (*People v. Dennis* (1998) 17 Cal.4th 468, 540, citing *Strickland v. Washington* (1984) U.S. 668, 687.)

Insofar as the defendant's ineffective assistance claim is based on his trial counsel's failure to raise a dual use objection, the defendant's argument fails because he has not established that his counsel rendered deficient performance. As noted, the trial court did not state that it was imposing consecutive sentences based on the fact of multiple victims. Therefore, a dual use objection would have been meritless. "Counsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile." (*People v. Price* (1991) 1 Cal.4th 324, 387.)

---

[3] There is some dispute between the parties as to whether the dual use proscription applies where, as here, a defendant is sentenced to indeterminate terms for his or her felony convictions. Because the defendant forfeited his dual use argument and has not established dual use, we need not resolve the parties' dispute.

7

The defendant's ineffective assistance argument fares no better to the extent it is predicated more generally on his trial counsel's alleged failure to argue for concurrent sentencing. "[T]here is no indication in this record that an argument for concurrent sentencing would have resulted in a[] … more lenient sentence." (*People v. Jones* (2013) 217 Cal.App.4th 735, 748.) Further, there were numerous factors weighing in favor of the imposition of consecutive sentences, including the defendant's commission of multiple forcible sex acts on separate occasions, his forcible impregnation of one of his victims, his limited or non-existent show of remorse for his crimes, and his status as a probationer when he committed his crimes. Given these factors, "it is not objectively reasonable to argue that counsel was deficient." (*Jones*, at p. 748.) For similar reasons, the defendant has not established a reasonable probability he would have obtained a more favorable result—i.e., concurrent sentences—but-for his trial counsel's allegedly deficient performance. (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 194–195.)

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

AARON, J.

GUERRERO, J.

8