Filed 11/25/25  P. v. Wong CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOWARD ROGER WONG,<br><br>    Defendant and Appellant. | 2d Crim. No. B341036<br>(Super. Ct. No. 17CR07379)<br>(Santa Barbara County) |

Howard Roger Wong appeals from the judgment entered after he was resentenced pursuant to our directions in *People v. Wong* (Apr. 3, 2023, B318239) [nonpub. opn.] (*Wong I*).  A jury found him guilty of seven counts of committing a lewd or lascivious act upon his daughters, M. and A.  As to M., the jury found appellant had committed four lewd acts while she was under the age of 14 years.  (Counts 1-4; Pen. Code, § 288, subd. (a) (288(a)).[1]  As to A., the jury found he had committed one lewd

---

[1] All undesignated statutory references are to the Penal Code.

act while she was under the age of 14 years (count 5) and two lewd acts while she was 14 or 15 years old. (Counts 6-7; § 288, subd. (c)(1).)

The jury found true an allegation that in the present case appellant had been convicted of committing a violation of section 288, subdivision (a) against more than one victim. (§ 667.61, subds. (b), (c)(8), (e)(4).) A person who has been so convicted "shall be punished by imprisonment in the state prison for 15 years to life." (*Id.*, subd. (b).) The punishment is "known as the 'One Strike' law." (*People v. Mancebo* (2002) 27 Cal.4th 735, 738; see *People v. Perez* (2015) 240 Cal.App.4th 1218, 1223 ["Since its adoption in 1994, California's One Strike law (§ 667.61) has set forth an 'alternative and harsher sentencing scheme for certain sex crimes'"].)

The trial court sentenced appellant to prison for the upper term of three years on count 6 (violation of section 288, subd. (c)(1)), plus a consecutive term of eight months on count 7 (same violation), followed by an aggregate indeterminate consecutive term of 75 years to life on counts 1-5 (five consecutive terms of 15 years to life for the five one-strike convictions). The court ordered appellant to pay noneconomic damages of $500,000 to each daughter.

In *Wong I* we vacated the 75-year-to-life aggregate prison sentence. We remanded the matter for resentencing on the five one-strike convictions so that the trial court could exercise its discretion whether to impose concurrent or consecutive terms. We reversed the award of noneconomic damages to M. We directed the trial court to conduct a new restitution hearing to determine the amount of noneconomic damages, if any, to which

she is entitled.  In all other respects, we affirmed. (*Wong I*, slip opn. at p. 22.)

On remand, at the resentencing hearing the trial court sentenced appellant to 75 years to life for the five one-strike convictions and awarded M. noneconomic damages of $500,000.  It did not mention counts 6 and 7.  The abstracts of judgment show that appellant was resentenced to an aggregate determinate term of three years, eight months on counts 6 and 7 (three years on count 6 plus a consecutive term of eight months on count 7), plus a consecutive aggregate indeterminate term of 75 years to life on counts 1 through 5.

Appellant contends: (1) "the sentences on counts 6 and 7 must run concurrently with each other and with the sentences on counts 1-5"; (2) the trial court's imposition of consecutive indeterminate terms on counts 1 through 5 was based on inappropriate sentencing rules; and (3) pursuant to the doctrine of the law of the case, we must adhere to our decision in *Wong I* that the evidence in the record at the first sentencing hearing was insufficient to support an award of noneconomic damages to M.  We affirm.

*Facts*

The facts are set forth at pages 3-6 of the slip opinion in *Wong I*.  Because the facts are not pertinent to the issues in the present appeal, we do not reiterate them here.

*As to Counts 6 and 7, Appellant Was*
*Not Resentenced to Concurrent Terms*

When the trial court orally resentenced appellant, it expressly imposed a consecutive 15-year term for each of the five one-strike convictions (counts 1-5).  It did not mention counts 6 and 7.  "Accordingly," appellant argues, "as a matter of law, the

3

sentences on counts 6 and 7 must run concurrently with each other and with the sentences on counts 1-5." Appellant's argument is based on the rule that, when a person is convicted of two or more crimes and the trial court "fails to determine how the terms of imprisonment shall run in relation to each other, . . . the term of imprisonment on the second or subsequent judgment shall run concurrently." (§ 669, subd. (b).)

Appellant contends we cannot assume the original sentence's consecutive terms as to counts 6 and 7 carried over to the resentencing proceedings. He asserts that this is because "whenever a court remands a case for resentencing, all components of the sentence are in play at the resentencing hearing, even when the error that is the basis for the resentencing is limited to certain counts. The trial court must resentence as to all aspects of the sentence, not just as to those which relate to the error requiring resentencing."

Our Supreme Court has stated that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is *appropriate* [not required in all instances], so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893, italics added.) "A full resentencing may involve the trial court's revisiting such decisions as . . . whether to impose concurrent or consecutive sentences." (*People v. Jones* (2022) 79 Cal.App.5th 37, 45-46.) However, "[i]f the appellate court's order upon remand requires correction as to one part of a sentence but the remand order limits the scope of resentencing, the trial court must adhere to the limits set forth in the remand order." (*People v. Walker* (2021) 67 Cal.App.5th 198, 205.)

4

We did not remand the matter for a full resentencing hearing. We remanded the matter for resentencing only as to the five one-strike convictions. Our remand order stated: "The 75-year-to-life aggregate prison sentence for the five one-strike convictions (counts 1-5) is vacated. The matter is remanded for resentencing *on these five convictions*. The trial court shall exercise its discretion whether to impose concurrent or consecutive sentences." (*Wong I, supra*, at pp. 21-22, italics added.)

"It is well-established that '[t]he order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.'[2] [Citations.] In short, when an appellate court remands a matter with directions governing the proceedings on remand, "'those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void." . . .'" (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.)

In view of the remittitur's language limiting the scope of resentencing, a complete resentencing was not mandatory. Thus, the original sentence's consecutive terms as to counts 6 and 7 carried over to the resentencing proceedings. The resentencing abstracts of judgment correctly show that appellant's eight-month sentence on count 7 runs consecutively to the three-year sentence on count 6, and the 75-year-to-life aggregate sentence on counts 1-5 runs consecutively to the three-year, eight-month aggregate sentence imposed on counts 6 and 7.

---

[2] "Our remittitur directions are contained in the dispositional language of our previous opinion." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

*The Imposition of Consecutive Indeterminate Terms*
*Was Not Based on Inappropriate Sentencing Rules*

Section II of appellant's opening brief is entitled, "The matter must be remanded for resentencing because the trial court based the consecutive [15-year] indeterminate terms on sentencing rules that do not apply to the indeterminate terms in this case." (Bold and capitalization omitted.) Appellant contends that, contrary to our discussion of section 667.6 in *Wong I*, "[t]he prosecutor argued in his sentencing brief that Penal Code section 667.6 applied to the one-strike sentences for violating section 288(a)."

Part V of the prosecutor's sentencing brief is entitled, "Consecutive sentencing should be imposed on counts 1 through 5 under Penal Code § 667.6(c)." (Bold and capitalization omitted.) Section 667.6, subdivision (c) provides, "[A] full, separate, and consecutive term *may* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion." (Italics added.) Section 667.6, subdivision (c) is inapplicable because a violation of section 288(a) is not specified in section 667.6, subdivision (e).

Although the prosecutor misinterpreted section 667.6, appellant has not shown that the trial court prejudicially relied on his misinterpretation. Appellant states, "[E]veryone [correctly] agreed that the trial court had discretion to impose consecutive terms on the five counts of violating section 288(a)."

Appellant notes that, "[w]hen discussing whether to impose consecutive or concurrent sentences [for the five one-strike convictions], the parties and the court relied on rules of court related to felony sentencing. (See [Cal. Rules of Court,] rules

6

4.401-4.480.)"[3]  Appellant claims these sentencing rules "do not apply [here] when an indeterminate term is imposed in relation to one or more other indeterminate terms."  The claim is based on rule 4.403, which provides, "These rules apply to criminal cases in which the defendant is convicted of one or more offenses punishable as a felony by (1) a determinate sentence . . . and (2) an indeterminate sentence imposed under section 1168(b) *only if it is imposed relative to other offenses with determinate terms or enhancements*."  (Italics added.)

The trial court did not err in relying on the sentencing rules.  "Where the Rules of Court permit a trial judge to rely on certain factors when imposing consecutive determinate sentences, we find no abuse of discretion where the judge relies on those factors, by analogy, in imposing consecutive indeterminate terms."  (*People v. Arviso* (1988) 201 Cal.App.3d 1055, 1059, superseded by rule on other grounds as stated in *People v. Calhoun* (2007) 40 Cal.4th 398, 407, fn. 6.)

*Doctrine of Law of the Case Does Not Preclude*
*Award to M. of $500,000 in Noneconomic Damages.*

"[V]ictims may . . . recover '[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288.' (§ 1202.4, subd. (f)(3)(F).)" (*People v. Lehman* (2016) 247 Cal.App.4th 795, 801.)  There is also a constitutional right to restitution.  (Cal. Const., art. 1, § 28(b)(13).)  "[W]e review the trial court's restitution order for abuse of discretion." (*People v. Giordano* (2007) 42 Cal.4th 644, 663 (*Giordano*).).

A. and M. were each awarded noneconomic damages of $500,000.  In *Wong I* appellant contended "the award of non-economic restitution to M[.] must be reversed because the record

_____

[3] All references to rules are to the California Rules of Court.

7

contains no evidence providing a factual basis supporting the amount the court awarded her." In our opinion we said: "The People's response to appellant's contention is perfunctory and conclusionary: 'Here, the trial court ordered appellant to pay $500,000 in victim restitution to M.[] for the noneconomic losses that she sustained as a result of appellant's multiple violations of section 288, subdivision (a). Nothing more was required.' The People cite no authority in support of their assertion that '[n]othing more was required.' [¶] We disagree with the People. More was required." (*Wong I, supra,* at p. 19.)

We observed that in the trial court the People had not alleged facts supporting their motion for M's recovery of $500,000 in noneconomic damages: "The motion stated, '[T]he People will ask the Court to award non-economic damages to the victims of the defendant's repeated acts of molestation in the amount of $500,000 per victim.' In support of the motion, the People attached only an excerpt from 'the California Judges Benchguide: Restitution, Section 83.75.' 'The People did not submit any support for the figures, or attempt to explain why the same formula should apply to each victim . . . . The record contains no victim declarations [from M.], independent documentation, or professional evaluations.' [Citation.]" (*Wong I, supra,* at p. 20.)

We concluded: "In contrast to A., we have nothing from M. describing the impact on her of appellant's molestation. '[T]he court in this case did not find facts, cite reliable evidence, or even explain how it arrived at the [same] amount of restitution [for] each victim. [As to M.], [t]here was no evidence, either through direct testimony or victim-impact statements, that [she] suffered nightmares or flashbacks, that [she was] having trouble in school or problems making friends, that [she] had considered harming

8

[herself] or others, or that [she] had sought or received counseling in any form. . . . Because the court did not "demonstrate a rational basis for its award" [to M.] or "ensure that the record is sufficient to permit meaningful review," we reverse the award[] [of restitution to M.] . . . and remand with directions to hold a [new] restitution hearing.' [Citation.]" (*Wong I*, *supra*, at p. 21.)

Prior to the new restitution hearing, the prosecutor filed a brief in which he acknowledged that "the People were remiss in the original sentencing in not making an adequate record for the award of damages of $500,000 to [M.]." The prosecutor said that the court could "make such a record" by relying on M.'s trial testimony and two child forensic interviews as well as M's mother's trial testimony and letter attached to the presentence probation report.

Mother's letter is particularly significant. Mother wrote in part: "In 2016 at the time you [appellant] physically removed [yourself] from our lives, I was faced with the task of caring for our two children, who were in unimaginable pain, ALONE. The sounds of the girls keening, screaming or crying for hours at a time, until they at last fell asleep exhausted, were daily occurrences for a long while. . . . [¶] At first, most days it seemed that my task was keeping both girls alive . . . . I still jump in panic when I hear a child scream or a dog howl, for a split second thinking it's one of the girls again. The footprint of your damage was evident in the girls' raw suffering and it was excruciating to watch and yet be helpless to fix. . . . The girls had psychologists, therapists, and 504 plans with the school just to help keep them going and stay in school amidst their debilitating trauma responses."

At the new restitution hearing, the trial court read into the record the above-quoted excerpt from mother's letter. Appellant's counsel requested that the court "order $100,000 as to M[.] for noneconomic damages."

Appellant does not argue that the evidence cited by the prosecutor and court at the new restitution hearing is insufficient to support the $500,000 award to M. Appellant argues that, because the evidence *in the record* at both restitution hearings was the same, under the law of the case doctrine we must adhere to our decision in *Wong I* that the evidence was insufficient to support the award: "[T]his Court found that the facts in the record at the first sentencing hearing did not support an award of restitution [to M.] for non-economic damages. At the resentencing hearing, the prosecutor insisted that the same facts, if repeated but highlighted, supported an award of restitution for noneconomic damages. This is not only wrong as a matter of logic and reason, it is contrary to the doctrine of law of the case." "Appellant is contending that [at the second restitution hearing] the trial court based the award on evidence that this Court found insufficient during the first appeal, and offered no new evidence of a different sort to support the award."

"'"'The doctrine of the law of the case is this: That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and . . . in any subsequent suit for the same cause of action . . . .'" The principle applies to criminal as well as civil matters [citations] . . . .' [Citation.] 'We will apply the law of the case doctrine where the

10

point of law involved . . . was "'actually presented and determined by the court.'"'" (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1262.) The application of the law of the case doctrine "turn[s] on questions of law, which we review de novo." (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.)

Appellant misconstrues our holding in *Wong I*. Contrary to appellant's contention, we did not hold "that the facts in the record at the first sentencing hearing did not support an award of restitution [to M.] for non-economic damages." We held that the award must be reversed because the prosecutor and the trial court had failed to provide an adequate factual basis for the $500,000 award to M. (*Giordano, supra,* 42 Cal.4th at p. 664 ["a trial court must demonstrate a rational basis for its award, and ensure that the record is sufficient to permit meaningful review. The burden is on the party seeking restitution to provide an adequate factual basis for the claim"].) We remanded the matter to the trial court with directions to conduct a new restitution hearing at which the People and trial court would have an opportunity to make the necessary showing. Accordingly, the doctrine of the law of the case is inapplicable.

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

11

Thomas R. Adams, Judge

Superior Court County of Santa Barbara

_____

George L. Schraer, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.